## CITY OF AUSTIN v. JOSEPH NALLE.

### No. 1943. Decided June 23, 1909.

**1.—Cities.—Taxation—Assessment for Street Paving.**

The assessment against the owner of a city lot of the benefits thereto from paving the contiguous street and making same a lien on the property is not an exercise of the right of eminent domain, but of that of taxation.   (P. 538.)

**2.—Same—Completion of Improvement.**

It is not necessary that the paving of a street be done before the assessment and collection of the resulting benefits to the value of an abutting lot. Like other taxes, they may be collected in advance of their expenditure for the public benefit, and this does not constitute a taking of the property without compensation.   (P. 538.)

**3.—Taxation—Limitation of Amount.**

The limitation on the amount of taxes to be annually collected by a city (Const., art. 11, sec. 5), does not embrace the local special assessments permitted, as for street paving.   (P. 539.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Travis County.

The city sued Nalle and appealed from a judgment for defendant, on affirmance of which it obtained writ of error.

W. D. Hart, for plaintiff in error.—Where a proper depository is secured for appellee's money and the credit of the municipality is behind such depository, and the law provides that the assessment shall be used for the purpose specified only, the constitutional provision that "no person's property shall be taken, etc., unless by the consent of such person, and when taken, except for the use of the State, such compensation shall be first made or secured by a deposit of money" is complied with.  15 Cyc., 645, 652, 667-8 (note 10), 775; Smeaton v. Martin, 57 Wis., 364; Bloomington v. Latham, 142 Ill., 462; Hutcheson v. Storrie, 92 Texas, 692; McMicken v. Cincinnati, 4 Ohio St., 394; Commissioners C. of L. C. v. Bowie, 34 Ala., 461.

The taking of property (money) in the manner prescribed by the ordinance is not a taking within the meaning of the construction of the Constitution, without due process of law in this, that the charter and ordinance of the City of Austin provide specifically how this sum should be held by the city and how it should be spent, and provides that it should be spent for no other purpose than the paving in front of the property for which it was collected.  Same authorities.

Where a depository is provided for funds collected for public purposes, as provided for by the ordinance of the city of Austin, the fact that it is a public trust and goes into the public depository is sufficient guarantee that the money so collected will be disbursed in the proper way; that is, will be expended for the purposes for which the money was collected, even though the work is not done at the time of the collection by the city.  Same authorities.

The court erred in holding that the city of Austin, under the charter and ordinances of the city, was compelled to first do the

paving in front of and abutting the property mentioned herein before said city could collect the amount of benefits assessed against such property. Same authorities.

Said sum, when collected from the defendant, was held in trust for the purpose of paving in front of and abutting the said property of the defendant and could be used for no other purpose and there would not be a taking or appropriation of the defendant's property until after the paving was completed. Same authorities.

The amounts adjudged as the benefits to said property were not, under the law, a tax, which, if added to the tax already paid by the defendant would place the defendant's taxes above the constitutional limit of two dollars and fifty cents on the one hundred dollars valuation. Allen v. Galveston, 51 Texas, 320; Taylor v. Boyd, 63 Texas, 542; Harris County v. Boyd, 70 Texas, 241; Higgins v. Bordages, 88 Texas, 461.

*Gregory & Batts* and *G. S. Wright,* for defendant in error.—The first amended original petition shows that the improvements contemplated have not been constructed, and their construction is not contemplated until after the collection from said Joseph Nalle of the amount sought to be collected by this proceeding, the purpose of said proceeding being to secure a judgment, or establish an obligation against the said Joseph Nalle and take his property and apply it to public use without adequate compensation being first made or secured by a deposit of money, as provided by section 17, article 1, of the Constitution of Texas and Revised Statutes, article 4471, which is made applicable to this proceeding under the terms of the special Act of the Twenty-ninth Legislature, pages 116 and 117 of the special Acts of the Legislature of 1905. Constitution of Texas, sec. 17, art. 1; Special Acts of Twenty-ninth Legislature (1905), pp. 116 and 117; Revised Statutes of Texas, art. 4471; Travis County v. Trogdon, 88 Texas, 309; Galveston, H. & S. A. v. Baudat, 18 Texas Civ. App., 601; Cleburne v. Gulf, etc., R. R. Co., 66 Texas, 461; Bayha v. Carter, 7 Texas Civ. App., 3; Flewellin v. Proetzel, 80 Texas, 195; Coleman v. Thurmond, 56 Texas, 514; Houston & T. C. Ry. Co. v. Jackson, 62 Texas, 216.

The trial court did not err in rendering judgment for appellee because it appeared from the evidence that the paving in question had not been laid in front of appellee's property, or any of it, and was not to be laid until after the collection from appellee of the money sought to be collected, and it failed to show that said construction had been secured by a deposit of money. Same authorities.

Appellant was not entitled to judgment because the pleading and evidence showed that the judgment sought was for a tax and to fix a lien on appellee's property, which, added to the ordinary tax otherwise levied by appellant for the years 1906 and 1907, would subject the property of appellee, for each of said years, to a tax in excess of the constitutional limit. Constitution, art. 11, sec. 5; Roundtree v. Galveston, 42 Texas, 625.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This is a suit by the city of Austin to recover of Joseph Nalle for the sum of $1163.50, assessed against a certain lot in the city of Austin for the expense of paving with vitrified brick the street in front of the same. The petition alleges that an ordinance was passed by the city council, providing for the paving of parts of Congress Avenue and Pecan Street, and also providing that in case the property owners where property abutted on said street should fail to pay for the improvement in front of their property the city should appoint Commissioners to assess the benefits to accrue from the improvements and that their report should be used for the assessment. The answer fails to show us that any complaint is made of a noncompliance with the ordinance of the city in making the assessment. The objections to the proceedings are aimed at the statute which authorized the ordinance. The trial court held that because the petition showed that the improvement had not been made but was to be made when the money was paid, the assessment was illegal, and gave judgment for the defendant; but upon appeal to the Court of Civil Appeals that court held since the work was not performed at the time the assessment was made, that no adequate compensation was made for the money that was assessed and that therefore the imposition was illegal.

First it is maintained that the charge of $1163.50 made against the property is not taxation but the exercise of the right of eminent domain. But this is, in our opinion, a radical misconception of the law. Eminent domain is defined to be: "The sovereign power vested in the State to take private property for the public use, providing first a just compensation therefor." (15 Cyc., 557.) "Taxes are defined to be burthens, or charges, imposed by the legislative power of a State upon persons or property, to raise money for public purposes." (Clegg v. The State, 42 Texas, 608.) The former takes specific property (not money) upon paying compensation therefor. The other takes money, the only compensation being that it will be appropriated according to law. In this case there is no direct attempt to take the lots by virtue of which the assessment is made; but it is the mere levy of an imposition upon the owner of a sum of money to pay his part of the costs of the improvement, which is proposed to be made, and which is proportioned to him upon principles the justice of which can not be gainsaid. From these considerations we think it follows that this is not the taking of property under the law of eminent domain. This principle is recognized in the following cases to which many others might be added. Woodbridge v. Detroit, 8 Mich., 274; The People v. Brooklyn, 4 N. Y., 419; Macon v. Patty, 57 Miss., 378; Martin v. Dix, 52 Miss., 53; Davies v. Los Angeles, 86 Cal., 37; Lexington v. McQuillan, Heirs, 9 Dana, 513.

But it is also insisted that the law which is claimed as authorizing the procedure in this case is unconstitutional in that it authorizes the collection of the imposition before the work is done and before the benefits can have accrued. But we think it not unusual to levy taxes for work to be performed. At each session of the Legislature taxes are authorized to be levied, necessary to meet the expenses of

the State government for the next two years and appropriations are made for the payment of the money so collected, for services to be rendered and work to be performed as it may arise.    In no other way could the State government be administered.

But it is also urged "that the pleadings and evidence showed that the judgment sought was for a tax and to fix a lien upon appellee's property which added to the ordinary tax otherwise levied by appellant for the years 1906 and 1907 would subject the property of appellee for each of said years to a tax in excess of the constitutional limit."    But it has been expressly held by this court that the constitutional limit referred to does not embrace these local special assessments.    (Roundtree v. Galveston, 42 Texas, 612; Taylor v. Boyd, 63 Texas, 533.)

For the errors pointed out the judgment of the District Court and that of the Court of Civil Appeals are reversed and judgment is now rendered for the city of Austin.

*Reversed and rendered for plaintiff in error.*