WOOTEN v. TEXAS BITULITHIC CO. et al.
(No. 8640.)

(Court of Civil Appeals of Texas. Ft. Worth. May 12, 1917.)

1. MUNICIPAL CORPORATIONS ⊝═567(1)—AC-TION ON IMPROVEMENT CERTIFICATE—PLEAD-ING—PETITION—STATUTE.

Charter of City of Ft. Worth, c. 12, § 15 (Special Acts 31st Leg. c. 31), providing that the recital in improvement certificates author-ized by the charter that the improvements have been made in compliance with the terms thereof, and that all prerequisites to the fixing of the lien and charge of personal liability evidenced by such certificates have been performed, shall be prima facie evidence of the facts so recited, and no other proof thereof shall be required, but in all courts the said proceedings and pre-requisites shall, without further proof, be pre-sumed to have been had and performed, relates to proof only, and does not relieve the owner of

a certificate from proper pleadings to show liability on the part of the owner of the property.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1276.]

2. PLEADING ⊂⟹433(2)—VERDICT AS CURE OF DEFECT IN PETITION.

In an action on an improvement certificate, failure of the petition to make necessary allegations of compliance with charter requirements made necessary to fix the certificate lien validly upon the property and as a personal liability of its owner was not cured by a verdict for plaintiff, since a strict compliance with such special statutory proceedings is a necessary prerequisite of a recovery based thereon, and a verdict cannot cure or supply a failure in a petition to state a cause of action.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1454, 1455.]

Error from District Court, Tarrant County; J. W. Swayne, Judge.

Suit by the Texas Bitulithic Company against Mrs. H. G. Wooten and others. Judgment for plaintiff, and named defendant brings error. Reversed, and remanded for a new trial as to all parties.

Robert G. Johnson and Wade & Smith, all of Ft. Worth, for plaintiff in error. T. A. Altman and W. W. Wilkinson, both of Ft. Worth, and L. M. Dabney, of Dallas, for defendants in error.

DUNKLIN, J. The Texas Bitulithic Company, having paved one of the streets of the city of Ft. Worth under and by virtue of a contract awarded by the city, instituted this suit against Mrs. E. C. Florence, the owner of a lot abutting on the street, for the amount assessed against her as the owner of the lot, and to foreclose the lien on the lot provided by the special charter of the city for such paving work. R. I. Craig and Mrs. H. G. Wooten also were made defendants upon allegations in plaintiff's petition that after said· assessments by the city Craig had purchased the property from Mrs. Florence, and that Mrs. Wooten held a lien on the lot.

Plaintiff recovered a judgment against all the defendants for the relief prayed for in its petition; and Mrs. Wooten has prosecuted this writ of error.

[1] The only question presented is whether or not plaintiff's petition was good as against a general demurrer, and that question is answered by us in the negative.

The city was operating under a special charter granted by the Legislature and contained in the Special Acts of the Thirty-First Legislature of 1909. The charter provides for the improvement of the public streets of the city and for fixing a lien upon the property abutting on any street so improved, and for the assessment of the amount so fixed as a personal liability of the property owner. It provides that such improvements shall be done under contract to be let by the board of commissioners of the city, and by section 15 of the act the board of commissioners are authorized to issue to the contractor

certificates for the work when completed,. ,which certificates are to become a lien upon the abutting property, and shall also impose· personal liability upon the owners of the respective lots. Section 15 also provides that:

"The recital in such certificates that proceedings with reference to such improvements have· been made in compliance with the terms thereof, and that all prerequisites to the fixing of the lien and charge of personal liability evidenced by such certificates have been performed, shall be· prima facie evidence of the facts so recited. and no other proof thereof shall be required, but in all courts the said proceedings and prerequisites shall, without further proof, be presumed to have been had and performed."

The charter also provides that various. steps shall be taken by the board of commissioners before the issuance of such certificates as prerequisites to their validity.

The recovery sought in the present suit was for the amount of a certificate issued by the board of commissioners of the city for paving work done by the plaintiff. In the petition the execution and delivery of the certificate to the plaintiff by the city was duly alleged. The petition sets out the recitals in the certificate to the effect that all prerequisites as to its validity had been performed, but there are no allegations in the petition that such prerequisites had in fact been performed. The provisions in the charter that the certificates should be accepted as prima facie proof that all statutory prerequisites to the fixing of the lien upon the property and the liability of its owner had been complied with related to proof only, and could not be given the effect to relieve the owner of the certificate from proper pleadings to show liability on the part of the owner of the property; in other words, that provision merely announced a special rule of evidence, and did not purport to be a rule of pleading.

The defendants in the trial court filed a general demurrer to plaintiff's petition, but the demurrer seems never to have been called to the attention of the trial judge, as the record does not show any ruling thereon; and defendant in error insists that under such circumstances the judgment can be looked to in aid of the pleadings. Defendant in error cites Grant v. Whittlesey, 42 Tex. 320, and Schuster v. Frendenthal, 74 Tex. 53, 11 S. W. 1051. In the case first cited the rule is announced as follows:

"A verdict cannot cure or supply the failure in a petition to state a cause of action; an omission to act, or rely on a demurrer to a petition fatally defective, will not prevent a party from availing himself of such defect on appeal or writ of error to this court."

That ,was a suit upon a promissory note, and the judgment of the trial court in favor of the plaintiff was reversed because of the fact that the petition did not state a cause of action, in that it contained no allegation

that the defendant had failed and refused to pay the note.

In the second case also it was held that a verdict will not cure the omission of a necessary substantive allegation in the plaintiff's petition.

[2] As the petition in the present suit failed to contain even general allegations of a compliance with the charter requirements made necessary to fix the certificate as a valid lien upon the property and as a personal liability of its owner, and as it is a well-settled rule that a strict compliance with such special statutory proceedings is a necessary prerequisite of a recovery based thereon, we think it clear that plaintiff's petition upon which the judgment was predicated was wholly insufficient to support the judgment. Moseley v. Bradford, 190 S. W. 824, and authorities there cited.

For the reasons noted, the judgment is reversed, and the cause remanded for a new trial as to all parties.