## BLAIR v. CITY OF HOUSTON et al. (No. 956.)

(Court of Civil Appeals of Texas. Beaumont. May 14, 1923. Rehearing Denied May 30, 1923.)

1. **Municipal corporations ☞567(2)—Pleading ☞433(5)—Petition to enforce improvement certificate failing to allege compliance with charter requirements is not cured by judgment, and is demurrable.**

A petition for foreclosure of lien and personal judgment based on an improvement certificate which fails to allege compliance with the provisions of the charter before issuance of the certificate states no cause of action, and judgment cannot cure such defect.

2. **Municipal corporations ☞567(2) — Petition to enforce improvement certificate must allege facts.**

A petition in action to enforce improvement certificate must allege facts showing compliance with charter requirements; and that the petition alleges as a fact that the certificate itself attached recites such compliance, and that the certificate does so recite, is not sufficient.

3. **Pleading ☞311—Fatally defective petition cannot be aided or defects supplied by recital in attached exhibit.**

A petition which does not state a cause of action aside from recitals in an attached exhibit is not aided or cured by such recital, though they may serve to clarify the pleading.

4. **Corporations ☞661(6) — Foreign corporation cannot sue on contracts without license to operate in state.**

Under Rev. St. arts. 1314, 1318, without license to do business in the state foreign corporations cannot sue either in law or equity on demands arising from contract.

5. **Corporations ☞661(1)—Intervener having company's statutory incapacity to sue held not to affect action by city.**

The fact that intervener, a foreign paving company, failed to prove capacity to sue on improvement certificate against defendant property owner, as required by Rev. St. arts. 1314, 1318, does not affect the main action brought by the city under its charter rights, though in the name of intervener.

6. **Municipal corporations ☞570(1) — Judgment of foreclosure fatally defective when description of land is not definite.**

The description of land in a judgment of foreclosure of improvement certificate lien, to wit, "A part of lot No. six (6) in block No. one hundred and thirty-two (132), S. S. B. B. addition to the city of Houston," is defective in not stating exactly what part was meant, and

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

is not aided by pleadings nor by the certificate of assessment both of which refer to an indefinite "part" of lot 6.

**7. Municipal corporations ⬅407(2)—Requirement of uniform taxation not violated by city charter provision for assessing for local improvements.**

Const. art. 8, § 1, requiring uniform taxation of all property except municipal according to value, is an ad valorem tax provision not violated by city charter provision for assessment for local improvements.

Appeal from District Court, Harris County; W. E. Monteith, Judge.

Action by the City of Houston and another against J. M. Blair. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

Tharp & Tharp, of Houston, for appellant.

Sewall Myer and Vinson, Elkins, Wood & Pollard, all of Houston, for appellees.

HIGHTOWER, C. J. The city of Houston, as plaintiff, filed this suit in one of the district courts of Harris county against J. M. Blair, as the defendant, to recover for the use and benefit of the Creosoted Wood Block Paving Company a personal judgment for money alleged to be due and owing by Blair to said paving company, and also for foreclosure of a lien claimed in favor of the paving company on a portion of a certain lot owned by Blair in the city of Houston. The suit was based upon what is commonly called a local improvement certificate, which was executed and delivered by the city of Houston to the Creosoted Wood Block Paving Company under provisions of the city's charter, in consideration of labor and material furnished to the city by the paving company in paving one of the city's streets. A day or two after the suit was filed the paving company itself intervened in the suit, alleging that it was a corporation chartered and organized under the law of the state of Louisiana, and there domiciled, but that it had a permit from the secretary of the state of Texas authorizing it to do business in Texas, and it adopted all the allegations of fact contained in the petition of the plaintiff city, and prayed for judgment against defendant, Blair, for its debt and for foreclosure of its claimed lien on his property, as described in the city's petition. Blair answered both the city's petition and the paving company's plea of intervention by a general demurrer and general denial, and specially pleaded that the provisions of the city's charter, in virtue of which the city asserted the right to charge him and his property for the labor performed and material furnished by the intervener, as shown by the assessment certificate, are unconstitutional and void, in that such provisions are violative of section 1 of article 8 of our state Constitu-

tion, which requires that "taxation shall be equal and uniform." Blair also specially denied that intervener was authorized to do business in Texas, and denied its right to intervene and prosecute this suit in any capacity. Blair's general demurrer was overruled, to which action he excepted, and the case proceeded to trial without a jury, and judgment was rendered against Blair in favor of plaintiff city for the use and benefit of the Creosoted Wood Block Paving Company, the intervener, for the full amount of money sued for, being $486.68, to bear interest at the rate of 7 per cent. per annum, and for foreclosure of the lien on Blair's property in favor of both the plaintiff city and the intervener. From this judgment Blair has appealed.

[1] Appellant's first assignment of error challenges the court's action in overruling his general demurrer. Since we have concluded that this assignment must be sustained, it will be well, perhaps, to let our opinion show the petition in full, in so far as it relates to this point. After a formal commencement, naming the court, parties, etc., the petition reads:

"I. That heretofore, to wit, on or about the 17th day of March, A. D. 1914, plaintiff, through its duly authorized agents, for a valuable consideration paid to plaintiff and defendant, executed and delivered to the Creosoted Wood Block Paving Company, a corporation, a certain certificate of special assessment of that date, in the sum of $250.23, payable at Houston, Tex., by defendant, to the Creosoted Wood Block Paving Company, in five installments: [Here follow dates as to when the several installments were to be paid.] A copy of said certificate being attached hereto, marked Exhibit A, and made a part hereof, as if written herein in full.

"II. That said certificate sets out that, by virtue of the charter and ordinances of the city of Houston, which are all here pleaded as if written herein, the assessment for the above-named amount was levied after due and legal notice thereof had been given, and said certificate issued for defendant's pro rata of the cost of paving said street against defendant and his property on Lamar avenue therein mentioned, which is more fully described as follows: [Here follows description of defendant's property.]

"III. And providing further that, by reason of the premises, defendant became personally liable, and promised to pay said sums of money mentioned as aforesaid, and said property became incumbered with a charter and statutory, contractor's, mechanics', materialmen's and laborers' lien until payment of said sum; that, in case of default in payment of any one installment above mentioned when due, the entire amount was to mature; that all required by said charter and ordinances has been performed by the Creosoted Wood Block Paving Company."

The petition then proceeds to allege that the paving company had requested the city to file the suit in its behalf, etc.

The certificate of assessment mentioned in the plaintiff's petition, and attached thereto as Exhibit A, among other things, recites:

"That all the proceedings with reference to making such improvements have been regularly had in compliance with the terms of the charter of the city of Houston, and that all prerequisites to the fixing of the lien and the claim of the person liable evidenced by this certificate have been performed. That said pavement and improvement has been completed by said contractor, in compliance with the terms of said contract and other proceedings, and was accepted by the said city on the 18th day of March, 1914."

By proposition under this assignment appellant's contention is:

"Petition for foreclosure of lien and personal judgment on improvement certificate, created under provisions of city charter, which fails to allege compliance with the provisions of the charter before issuance of the certificate, states no cause of action, and judgment cannot cure such defect in the petition."

[2, 3] We think the proposition is eminently sound and supported by authority. A careful reading of the petition, as we have copied it, will clearly disclose that it does not allege as a fact that the city of Houston had complied with the several provisions of its charter prescribing the steps that shall be taken by the city in order to fix liability against a property owner or a lien on his property before issuance of the assessment certificate in this instance. It is very true that the petition does allege as a fact that the certificate itself recites that all requirements of the city's charter relative to fixing liability against defendant and his property in this case were complied with, but that allegation is not equivalent to an allegation of fact by the pleader that such steps or prerequisites had, in fact, been taken and complied with. In order to fix liability against one of its citizens and charge his property with the cost of local improvements it was necessary that the provisions of the city's charter, as granted by the Legislature, touching the proceedings to be had with that view, should be strictly complied with, and the petition was required to allege a fact, at least in a general way, even as against a general demurrer, that such proceedings had been taken; and to merely allege that the certificate itself recites that those proceedings had been had which are required to give validity to the certificate is not sufficient as a pleading, notwithstanding the certificate itself was attached to the petition as an exhibit, and asked to be considered as a part of the petition. We are not unmindful of the fact that exhibits to pleadings frequently serve a useful purpose and give aid to the pleading in making more clear and definite certain allegations of the pleading, etc.; but such exhibits themselves cannot take the place of, or be substituted for, essential allegations of fact in the pleading itself. Attaching the exhibit to the pleading in this case can make no difference in the rule, and had no more effect as a pleading than if the petition had merely recited in full the certificate without attaching it as an exhibit.

In support of this contention under this proposition appellant cites the case of Wooten v. Texas Bitulithic Co. (Tex. Civ. App.) 196 S. W. 601. Appellees contend, however, that the decision in that case does not support appellant's proposition, but that, on the contrary, the holding is adverse to him. We have read the case with care, and think that the decision is squarely in point, and supports appellant's proposition under this assignment. Not only is the case in point, but it announces a sound rule of pleading, which was approved in Sovereign Camp of Woodmen v. Cooper (Tex. Civ. App.) 208 S. W. 550. There can be no doubt about the rule as a rule of pleading announced in both cases, and the only question here is whether the petition complies with the rule, and we hold that it does not. The assignment is therefore sustained.

[4] By the second assignment it is asserted that the judgment is erroneous because there was no proof offered showing a permit to the intervener, Creosoted Wood Block Paving Company, to do business in Texas, and no authority in it to prosecute this suit in any capacity. This contention must be sustained. It is the law of this state, without room for question, that a corporation, created under the laws of another state, doing business in this state for profit, cannot maintain a suit, either legal or equitable, in our courts, upon a demand arising out of contract, unless it proves on the trial that it had obtained a permit to do business in this state at the time the contract was made. R. S. arts. 1314 and 1318; Taber v. Interstate, etc., Association, 91 Tex., 92, 40 S. W. 954; S. R. Smythe Co. v. Fort Worth, etc., Co., 105 Tex. 8, 142 S. W. 1157; Rexall Drug Co. v. Butler Bros. (Tex. Civ. App.) 185 S. W. 989.

[5] The intervener's petition in this suit expressly shows that it is a corporation chartered and organized under the laws of the state of Louisiana and is there domiciled, and it expressly alleges that it had acquired a permit to do business in this state. An examination of the record fails to disclose any evidence to sustain the allegation that intervener had acquired a permit to do business in this state at any time. Therefore the intervener had no right to judgment foreclosing a lien in its favor on appellant's property, which was the only relief granted to it directly by the judgment, and therefore so much of the judgment as granted such relief to intervener was erroneous. This, however, might have been obviated, and the judgment reformed and affirmed, if reversal on other points was not required. The fact that the intervener failed to show its right to prose-

cute this suit in the capacity of intervener would not have the effect to prevent the prosecution of the suit in its favor by the city of Houston. The law of this state inhibits only the foreign corporation from invoking our forums in the prosecution of suits based upon transactions which it had no right to conduct in this state; but our law, in so far as we have been able to find—and we have not been shown anything to the contrary—does not prevent the city of Houston, in this case, from filing a suit, as it was expressly authorized to do by the provisions of its charter granted by the Legislature of this state, in behalf of another who did work for the city under contract.

[6] By the third assignment the judgment is assailed on the ground that the description of the property on which the lien is ordered foreclosed is wholly insufficient to warrant foreclosure on any of appellant's property. On this point the judgment recites:

"That a first and prior lien is fixed and legally exists in favor of the plaintiff and intervener upon the following described property: A part of lot No. six (6) in block No. one hundred and thirty-two (132), S. S. B. B. addition to the city of Houston."

This is the entire description of the property as given in the judgment, and no reference is made in the judgment to anything, not even to the pleadings, for more definite description. But, had the judgment referred to the petition for further description, the matter would not have been aided. In the petition the property is described as follows:

"Being part of lot No. 6 in block No. 132, S. S. B. B. addition to the said city of Houston, Tex., according to the official map of Houston, Harris county, Tex."

It is true that the official map of the city of Houston is referred to as describing lot No. 6, a part of which only is here in controversy, and, if the judgment of foreclosure covered this entire lot, it may be that the description in the judgment ought to be held to be aided by the description in the petition, but the foreclosure is ordered only upon "a part of lot No. 6." How much of this lot is to be subjected to the foreclosure is not disclosed. There was attached, however, to the plaintiff's petition a copy of the assessment certificate, which appellees claim fully describes the property on which the lien in this case was ordered foreclosed. The description contained in that instrument reads:

"Property situated in said city, in Harris county, state of Texas, fronting 65.4 feet on the north side of Lamar avenue, being lot No. part of 6, in block No. 132, S. S. B. B. addition to the city of Houston, Tex."

We think that the description here given lends no aid to or makes more definite the description given in the judgment. The most that can be said from all the descriptions taken together is that lot No. 6, upon a part of which the lien is sought to be foreclosed, fronts 65.4 feet on the north side of Lamar avenue, in the city of Houston, and that it is a part of block No. 132, S. S. B. B. addition to the city, but it is not claimed that all of the lot is subject to foreclosure, and the judgment does not so recite, but only a part of the lot is involved, and it cannot be ascertained from anything which might be looked to in aid of the judgment what part or how much of the lot is to be foreclosed on. We have no doubt that the description of the property upon which the lien is ordered foreclosed is wholly insufficient, and we sustain the assignment.

[7] By the fourth assignment it is contended that article 4(a) of the city charter, under which the city claimed the authority to make the assessment against appellant and his property, as shown by the certificate made the basis of this suit, is violative of section 1 of article 8 of the Constitution of this state. We overrule this contention. Assessments by municipalities under special charter granted by the Legislature of this state for local improvements are not inhibited or governed by the provision of the Constitution here invoked by appellant. That provision, as many of the courts of this state have construed it, has reference only to ad valorem taxation, and assessments for local improvements by municipalities, such as that in question here, do not come under that head. Roundtree v. City of Galveston, 42 Tex. 612; Taylor v. Boyd, 63 Tex. 533; Higgins v. Bordages, 88 Tex. 458, 31 S. W. 52, 803, 53 Am. St. Rep. 770; Nalle v. City of Austin (Tex. Civ. App.) 103 S. W. 825; City of. Austin v. Nalle, 102 Tex. 536, 120 S. W. 996; Jones v. City of Houston (Tex. Civ. App.) 188 S. W. 688; City of Fort Worth v. Capps, etc. (Tex. Civ. App.) 205 S. W. 491; Elmendorf v. City of San Antonio (Tex. Civ. App.) 223 S. W. 639. The assignment is overruled.

This disposes of all contentions before us, and for the reasons indicated the judgment should be reversed, and the cause remanded; and it has been so ordered.