## BAADE v. CITY OF WACO.

### No. 1369.

Court of Civil Appeals of Texas. Waco.

April 20, 1933.

Sanford & Sanford, of Waco, for plaintiff in error.

Hubert D. Dunham, of Waco, for defendant in error.

ALEXANDER, Justice.

This action was brought by the city of Waco against Mrs. Mary Baade, a widow, to recover a personal judgment, with foreclosure of a paving assessment lien on certain real property in the city of Waco. Judgment was entered for the plaintiff by default for its debt, with foreclosure of lien as prayed. The defendant sued out a writ of error to this court.

The sole question to be determined is whether or not the plaintiff's petition was subject to a general demurrer. The petition alleged that the plaintiff was a municipal corporation, duly incorporated under the laws of Texas, and that the defendant owned the property in question abutting on Jefferson avenue in said city; that on December 16, 1930, the city entered into a contract with J. E. Johnson Construction Company for the paving of Jefferson avenue in said city, and particularly that part on which said property abutted; that as authorized by the laws of the state of Texas and the charter of said city, one-third of the cost of laying the pavement and gutter and all of the cost of constructing the curb was to be paid by the abutting property owners; that the contract provided that the owner of such property should be personally liable for said proportionate share of the cost of such improvements and a lien therefor assessed against said property. The petition alleged the amount of the cost of such improvements. It further alleged that said paving was laid and gutter and curb constructed in strict compliance with the terms of said contract and was accepted by the city, and that on June 16, 1931, the city of Waco, through its board of commissioners, passed an ordinance making the cost of said improvements a personal obligation against

the owner of said property and assessing a lien therefor against the property, and that said paving assessment had been duly assigned to the city of Waco by said contractor. The petition prayed for a personal judgment for the amount of said paving certificate and for foreclosure of a lien on the property.

The general and well-established rule is that a petition to foreclose or otherwise enforce an assessment or paving lien for public improvements claimed to have been created without the consent of the property owner, by a compliance with the provisions of the statutes and the city charter, must allege, at least in a general way, the existence of all of the facts and the taking of all of the steps necessary to the creation of such lien, as provided in the statutes and city charter. 23 Tex. Jur. 482; 44 C. J. 846; Blair v. City of Houston (Tex. Civ. App.) 252 S. W. 882; Wooten v. Texas Bitulithic Co. (Tex. Civ. App.) 196 S. W. 601; Power v. City of Breckenridge (Tex. Civ. App.) 290 S. W. 872.

The city of Waco operates under the "home rule" bill. Its charter provides for a petition by those owning property abutting on the street sought to be improved, and for notice to property owners and a hearing as to benefits in substantially the same manner as is provided in Revised Statutes 1925, article 1093, and for numerous other preliminary steps as a prerequisite to the fixing of a paving lien. The petition does not attempt to allege compliance with any of such provisions. The city concedes that it did not allege specifically that all preliminary steps necessary to the creation of such lien had been complied with, but calls attention to the fact that it did allege that the board of commissioners accepted the improvements when completed and passed an ordinance making the costs of said improvements a personal obligation against the owner of said property and assessing a lien therefor against said property, and it here asserts the general proposition as laid down in 19 R. C. L. 808, that all presumptions are in favor of the validity of an ordinance relating to matters within the legislative power of a municipality and that when the validity of an ordinance depends upon the existence of one or more facts at the time of its enactment, the existence, and not the nonexistence, of such facts will be presumed. It contends that since it alleged that the commissioners enacted the ordinance assessing the lien, this was equivalent to an allegation that all prior necessary steps had been complied with. It is probably true that where a city council, in the exercise of its broad, inherent powers to enact legislation generally for the public welfare, passes an ordinance, the courts, in an action to enforce such ordinance, will, in support of the evidence, presume the existence of the facts making such ordinance necessary for the protection of the public and justifying the exercise of such discretion by the council, until the contrary is shown; but we do not think this presumption can be indulged to supply an omission from the pleadings in an action to enforce a right claimed to have been created by a special proceeding of this kind where the council has very limited and not general powers. Here the performance of certain preliminary acts was a condition precedent to the enactment of such ordinance and without such acts the ordinance was void. Connor v. City of Paris, 87 Tex. 32, 27 S. W. 88, 92; Ardrey v. City of Dallas, 13 Tex. Civ. App. 442, 35 S. W. 726. The fixing of an involuntary lien upon private property for public improvements is a harsh proceeding requiring a strict compliance with the statutes. The passing of the ordinance assessing the lien is only one of the many steps required to be taken by the city council. We cannot, in the absence of legislative authority, presume in support of the pleadings that because the council took one of the necessary steps to fix the lien, it necessarily took all other required steps. Even in those cases where the recitations in the paving certificate are made prima facie evidence of the regularity of the proceedings, it has been held that it is not sufficient to merely allege that the council issued a certificate containing such recitations. The petition must go further and allege that all preliminary steps have been complied with. Wooten v. Texas Bitulithic Co., supra.

In the case of Wood v. City of Galveston, 76 Tex. 126, 13 S. W. 227, the court had before it a case in which the city charter required that before a paving lien could be fixed on abutting property for local improvements, the city engineer should make an estimate of the probable cost of such improvements and the city council should, by a two-thirds vote, authorize such improvements. In the petition to foreclose such a lien, it was alleged that the city council adopted a resolution authorizing such improvements, but it was not alleged that the engineer had previously estimated the probable cost of the improvements nor that such resolution had been adopted by a two-thirds vote of the council. The court held that the petition was subject to a general demurrer and would not support a judgment by default.

We are of the opinion that the petition in this case is insufficient.

The judgment of the trial court is reversed, and the cause remanded for a new trial.