## UVALDE ROCK ASPHALT CO. v. CONROY.

### No. 9972.

Court of Civil Appeals of Texas. Galveston.

April 19, 1934.

Rehearing Denied May 3, 1934.

W. H. Graham, of Houston, for appellant.

W. C. Perry and Charles Murphy, both of Houston, for appellee.

LANE, Justice.

This suit was instituted by Uvalde Rock Asphalt Company against William Ernest Conroy to recover upon a paving certificate issued by the city of Houston on April 8, 1930, in favor of the plaintiff for the sum of $288. The plaintiff's prayer is for judgment upon the certificate and for a foreclosure of a statutory lien on property of the defendant fronting the street paved by the plaintiff under a contract made by it with the city, and for a recovery of $75 as an attorney's fee.

Plaintiff alleged that in making the improvements in question and in conducting the procedure relating thereto, the city council of said city and each officer thereof whose duty it was to have any part in the performance of any act or thing with reference thereto, did and performed each and every act required by the charter of said city and by the Constitution and laws of Texas, within the time and in the manner provided by said charter and the Constitution and laws of Texas, in order to make said assessment and said lien valid, binding, and enforceable against said owner and said property.

The material parts of defendant's answer are: (1) General denial; (2) that his property fronting on the street paved has a small frontage on said street, but has a depth of 660 feet, and that by the proceedings relative to the paving of the street in question and the issuance of the certificate sued on by the plaintiff, the city council attempted to fix a lien upon his entire property, whereas such lien is fixed on other properties fronting on the street, with a depth of only 100 feet, or less; that such attempt is an attempt to discriminate against defendant, in violation of article 8, § 1, of the state Constitution which provides that "taxation shall be equal and uniform"; (3) that his property was not increased in value by the improvement of the street and has not been benefited thereby; and (4) that the attempted lien was a cloud upon and a slander to the title of appellee, and the same is illegal and in violation of the Constitution and laws of the state and of the United States, and that the same was fixed thereon for the purpose of injuring and damaging appellee and his title and that same had been so done to his damage in the sum of $1,000.

By supplemental petition plaintiff denied generally the averments of defendant's answer and specially pleaded the provisions of the charter of the city of Houston providing for a hearing of contests of owners to the proceedings of the city council relative to street improvements, and providing for the right of the owner to file suit within ten days from the closing of the hearing on contests made of the validity and regularity of any or all proceedings of the city, including benefits, and alleged that defendant had filed no contest or suit as provided by said city charter, and therefore he is now estopped and

barred from raising the questions which he attempts to raise by his answer.

The cause was tried before the court without a jury and judgment decreeing that the Uvalde Rock Asphalt Company take nothing against the defendant was rendered, and further decreeing the cancellation of the lien alleged by the plaintiff.

Uvalde Rock Asphalt Company has appealed.

Appellant contends that the court erred in not rendering judgment for it for the sum due on the paving certificate sued on and for $75 as an attorney's fee and for a foreclosure of its lien as prayed for, in that, as authorized by the charter of the city of Houston, the paving certificate sued on contained the following recital:

"That all proceedings with reference to making such improvement have been regularly had in compliance with law, the charter of said City, and the terms of this certificate, and that all prerequisites to the fixing of the lien and claim of personal liability evidenced by this certificate have been performed; that said improvement has been completed by said company, and was accepted by said City on the 8th day of April, 1930," and there being nothing offered by appellee to rebut the prima facie effect of such recitals, it was error for the trial court to render judgment in favor of appellee and against appellant, as to principal and interest on said certificate.

 We sustain appellant's contention. There is no evidence to show that the city council did not take every step required by the charter of the city or by the Constitution and laws to be taken in making the improvement in question, and appellee did not complain either by pleading or proof that any essential step, fundamental or otherwise, had been omitted by the city council, the contractor who did the improvements, or any one else having anything to do with such improvement program.

Appellee made no showing that he did not receive notice of the proposed assessment made by the city against the properties fronting on the street to be paved; or that he was denied a hearing on benefits, etc. He neither pleaded nor proved that he brought suit within the time provided by the city charter to contest any proceedings of the city council relative to the improvements.

Appellee's only contentions for a defeat of appellant's right to a recovery upon the certificate sued upon are, in effect, that the city council, in the first place, should not have made the improvement because it was not necessary, and, in the second place, that it should not have assessed appellee's entire lot, 660 feet in depth, on the front foot basis and have attempted to create a lien thereon, while assessing other lots of the same width but of only one-sixth the depth of appellee's lot, in that such assessment was a discrimination against appellee and in violation of article 8, § 1, of our Constitution, which provides that taxation shall be equal and uniform.

 It being shown that the appellee had notice of the proceedings of the city relative to making the improvement, and that he made no protest of same to the council at a hearing set and held for hearing of protests, and failed to bring suit within the time provided by the city charter, he is estopped now to question any of the proceedings of the council relative to such improvements unless such proceeding or proceedings is in violation of the Constitution or some law.

Appellee's contention that the assessment made against his property on the front foot basis was in contravention of article 8, § 1, of the Constitution, and therefore void, cannot be sustained.

 It is clearly settled by the great weight of authority that the constitutional provisions having reference to taxes for general revenue, that they shall be equal and uniform, etc., are not applicable to assessments by cities for local improvements. Roundtree v. City of Galveston, 42 Tex. 612; Taylor v. Boyd, 63 Tex. 542; Adams v. Fisher, 63 Tex. 651; County of Harris v. Boyd, 70 Tex. 237, 7 S. W. 713; Higgins v. Bordages, 88 Tex. 458, 31 S. W. 52, 803, 53 Am. St. Rep. 770; Texas Transportation Co. v. Boyd, 67 Tex. 153, 2 S. W. 364; City of Paris v. Brenneman, 59 Tex. Civ. App. 464, 126 S. W. 58, 59; City of Austin v. Nalle, 102 Tex. 536, 120 S. W. 996; Wood v. City of Galveston, 76 Tex. 133, 13 S. W. 227, 229; Allen v. City of Galveston, 51 Tex. 320; Lovenberg v. City of Galveston, 17 Tex. Civ. App. 162, 42 S. W. 1024; City of Dallas v. Ellison, 10 Tex. Civ. App. 39, 30 S. W. 1128; City of Wichita Falls v. Williams, 119 Tex. 163, 26 S.W.(2d) 910, 79 A. L. R. 704.

By section 14 of article 4a of the charter of the city of Houston it is provided that the city council shall have authority to issue to the person who makes street pavements, assignable certificates against its owner. Such certificate was issued by the city to Uvalde Rock Asphalt Company, which constructed the street improvements in question. The

certificate so issued recites that the assessment made is against the property of the defendant, Conroy, and that such assessment was levied by virtue of an ordinance of the city of Houston and other proceedings of the city. It also provides that payment shall be made by the owner of the property of his pro rata of the cost of the improvement made. It provides for the payment of a reasonable attorney's fee in the event default is made in its payment, if such fee is incurred in collecting the sum due on the certificate. It is declared to be a first lien upon the premises of defendant, and also a personal liability of defendant, payable to the plaintiff.

In view of the matters and things above stated, we conclude that appellant, Uvalde Rock Asphalt Company, is entitled to a recovery against appellee of the amount evidenced by the certificate sued on, to wit, $288, together with 7 per cent. interest thereon from the date of such certificate, the sum of $75 as an attorney's fee, as prayed for, and a foreclosure of its lien on the premises involved in this suit.

As what we have said disposes of the controlling issue in the suit, it becomes unnecessary to discuss any other assignment presented by appellant.

Having reached the conclusions above expressed, it is ordered that the judgment of the trial court be reversed and that judgment be here rendered for the appellant against appellee for the sum of $288, the sum evidenced by the certificate sued on, together with interest thereon at the rate of 7 per cent. per annum from the date of said certificate, and for the further sum of $75 as an attorney's fee, and a foreclosure of its lien pleaded and prayed for.

Reversed and rendered.