CITIZENS NAT. BANK OF WACO v. CITY OF WACO et al.

No. 1745.

Court of Civil Appeals of Texas. Waco.

May 14, 1936.

Rehearing Denied May 28, 1936.

certificates issued in 1929 by the city of Waco, operating under a home rule charter, for a part of the cost of paving Herring avenue in said city, and to foreclose an alleged special assessment lien against certain lots fronting on said street and owned by Dean at the time the paving was done. The Citizens National Bank was made a party defendant. ,Said bank held a lien secured by a duly recorded deed of trust on the lots at the time the paving lien was fixed, and had sold the property under its deed of trust and bought it in, and was the owner thereof at the time this suit was brought. The bank claimed that its lien on the property was ·superior to the paving lien. The trial court rendered judgment for plaintiff against Dean for its debt, and $500 attorney's fees, with foreclosure of the paving lien, and held that the paving lien was superior to the bank's prior deed of trust lien. The bank appealed.

The first material question to be determined is whether or not the bank's prior deed of trust lien was superior to the subsequent paving lien. At the time the paving assessment was levied the city charter, which was a home rule charter, did not contain any provision making a paving lien superior to outstanding mortgage liens. It merely provided that such "tax when so levied and assessed shall be a charge against the owner as well as a lien and encumbrance upon the property, which amount may be collected and said lien enforced in· any court of competent jurisdiction." There, were some statutes at that time which provided that paving liens should be superior to other liens, but those statutes do not appear to have been adopted by the city of Waco prior to the assessment in question, and hence, have no application here. We are confronted, therefore, with the necessity of deciding whether or not a paving lien should be superior to a prior outstanding mortgage lien, in the absence of a charter or statutory provision so .declaring. We have been unable · to find any Texas decisions in point, and if the question had not been so definitely decided to the contrary by courts of other states, we would be inclined to hold that the lien first in time is superior; but the decisions in other states are almost unanimous in holding that the subsequent special assessment lien is paramount. In some of these cases the holding that the

Richey, Sheehy & Teeling, of Waco, for appellant.

Nat Harris, and Mabel Grey Howell, both of Waco, for appellees.

ALEXANDER, Justice.

This suit was brought by the city of Waco for the use and benefit of W. F. & J. F. Barnes Lumber Company against J. J. Dean to recover on certain paving

paving lien is superior is based on implications of legislative intent drawn from the language used in creating the lien; but a careful examination of most of the cases shows that the holding is based on the fact that the improvements enhance the value of the mortgagee's security in proportion to the burdens imposed, and the assessment is in the nature of a tax levied by the municipality in the exercise of a governmental function for improvements that are beneficial to the public generally, and since the law authorizes the creation of a lien to secure the payment of the tax so assessed, it must necessarily be implied that the lien so created is paramount to all prior existing liens. See, in this connection, Lannan v. Waltenspiel, 45 Utah 564, 147 P. 908; Morey Engineering & Construction Co. v. St. Louis Artificial Ice Rink Co., 242 Mo. 241, 146 S. W. 1142, 40 L.R.A.(N.S.) 119, Ann.Cas. 1913C, 1200; Dressman v. Farmers' & Traders' Nat. Bank, 100 Ky. 571, 38 S. W. 1052, 36 L.R.A. 121; Morrissey v. Shriver, 88 Okl. 269, 214 P. 702; Morey v. City of Duluth, 75 Minn. 221, 77 N.W. 829; Carstens & Earles v. City of Seattle, 84 Wash. 88, 146 P. 381, Ann.Cas.1917A, 1070; Lybass v. Town of Ft. Myers, 56 Fla. 817, 47 So. 346; 44 C.J. 806. Based upon the foregoing decisions, we hold that a paving lien, when properly assessed, is superior to an outstanding contract lien on the improved property.

 We next consider the sufficiency of plaintiff's petition to authorize a recovery herein. The plaintiff did not sue to recover on the original assessment and attempt to show that all provisions of the charter and ordinances authorizing the creation of the lien had been complied with, but sued to recover on an assessment certificate. In other words, the plaintiff did not allege the various steps that had been taken to create the lien and attempt to prove the truth of these allegations, but merely alleged that the city had issued its assignable certificate of special assessment for improvement of said street, which improvements were alleged to have been made under a contract between the city and a contractor, and that said assessments were levied and certificates issued by virtue of the statutes and city ordinances applicable in such cases, and that they were secured by a lien on the property. Plaintiff further alleged that the certificates themselves recited that all proceedings for making the improvements and fixing the lien as required by the statutes and ordinances had been performed. It was not alleged, however, that the facts recited in the certificate were true, nor was there any allegation as to the steps actually taken in creating the lien. In our opinion, the petition was insufficient and especially so in view of the special exceptions directed at it. In the first place, there was no law authorizing the city of Waco to issue an assignable assessment certificate in 1929 at the time these certificates were issued. The charter contained no such provision. Revised Statutes, art. 1090, authorized home rule cities that had adopted the provisions of that act as provided in Revised Statutes, art. 1104, to issue such certificates, but the city of Waco had not complied with the provisions of the latter article, and hence was not entitled to exercise the privileges granted by the act. Likewise, Acts 1927, 40th Leg., 1st Called Sess., p. 489, c. 106, § 6 (Vernon's Ann.Civ.St., art. 1105b, § 6), provided for the issuance of such assessment certificates, but the provisions of that act had not been adopted by the city of Waco at the time of the fixing of the lien in question, and under the provisions of section 15 of said act (Vernon's Ann.Civ.St. art. 1105b, § 15 note) its provisions were not applicable to cities that had not expressly adopted same. Scanlan v. Continental Inv. Co. (Tex.Com.App.) 87 S.W. (2d) 476. In the second place, even if the city charter or any of the statutes adopted by the city had authorized the issuance of assessment certificates, it would have been necessary for the plaintiff, in order to recover, to allege, at least in a general way, the existence of all of the facts and the taking of all the steps necessary to the creation of such lien. 23 Tex.Jur. 482; 44 C.J. 846; Blair v. City of Houston (Tex.Civ.App.) 252 S.W. 882; Wooten v. Texas Bitulithic Co. (Tex.Civ. App.) 196 S.W. 601; Power v. City of Breckenridge (Tex.Civ.App.) 290 S.W. 872; Wood v. City of Galveston, 76 Tex. 126, 13 S.W. 227; Baade v. City of Waco (Tex.Civ.App.) 59 S.W.(2d) 433, par. 1. Where a charter authorizes the issuance of assignable certificates, recitations therein that all necessary steps have been taken in order to fix the lien may, in certain cases, furnish prima facie proof of compliance with the provisions of the charter, 23 Tex.Jur. 476, but such recitations can-

not take the place of necessary pleadings. Blair v. City of Houston, supra. The judgment of the trial court must be reversed on account of the defect in the pleadings above set out.

■ In view of another trial, we deem it necessary to discuss appellant's contention that appellee is not entitled to recover attorney's fees for the prosecution of this suit. The certificates as issued by the city provide for reasonable attorney's fees. The city charter authorized the board of commissioners to contract for improvements such as are here under consideration, "and to make provision for payment of two-thirds of the cost and expense of such improvements and the cost of collecting the same. * * *" The phrase "cost of collecting same" as used in the charter referred to court costs incurred in collecting the amount of the assessment, and not to attorney's fees. 15 C. J. 19, 114; Littlefield v. Scott (Tex.Civ. App.) 244 S.W. 824, par. 5; Blankenship v. Wartelsky (Tex.Sup.) 6 S.W. 140. There was no other provision in the city charter authorizing the fixing of a lien on the property to secure the payment of attorney's fees incurred in collecting the assessment. Revised Statutes, art. 1090, authorized the enactment of an ordinance that would provide for the collection of reasonable attorney's fees, and similar provisions will be found in section 6 of article 1105b, but, as before stated, neither of these acts had been adopted by the city of Waco, and hence cannot be relied on as authority in this case. There was, therefore, no authority for the issuance of a certificate providing for attorney's fees. Gallahar v. Whitley (Tex.Civ.App.) 190 S.W. 757, par. 4.

■ In this connection it is proper to note that there was evidence (but no pleading) tending to show that Dean executed and delivered a mechanic's lien contract on the property in question in favor of the contractor to secure payment of the costs of said improvements, in which mechanic's lien contract Dean agreed to pay reasonable attorney's fees for collection of same. Dean could by contract place a lien on said property to secure payment of attorney's fees, but since such lien as to attorney's fees acquired its vitality, not by operation of law, but solely by virtue of the contract to which the bank was not a party, such lien could not thereby be made superior to the bank's prior lien. 29 Tex.Jur. 846. Upon another trial, under proper pleadings and evidence, the appellee may be able to show a right to fix a lien against the property for reasonable attorney's fees, but the lien for the amount of such attorney's fees should not be made superior to the bank's lien.

The judgment against Dean from which no appeal was taken will be affirmed. In all other respects, the judgment of the trial court is reversed, and the cause remanded for a new trial.