**WINGATE et al. v. WHITNEY INDEPENDENT SCHOOL DIST.**

No. 2053.

Court of Civil Appeals of Texas.. Waco.

May 18, 1939.

Martin & Allred, of Hillsboro, for plaintiffs in error.

J. Fred Rose, of Hillsboro, for defendant in error.

ALEXANDER, Justice.

Whitney Independent School District brought suit against A. R. Wingate and others to recover for certain taxes alleged to be due the School District and to foreclose a tax lien on the land against which the taxes had been assessed. Judgment by default was entered in favor of the plaintiff and the defendant sued out writ of error.

While plaintiff alleged the levy of a tax by the School Board, and that the property in question had been duly assessed, it wholly failed to allege specifically, or even generally, that the levy of such taxes had been authorized by a vote of the people residing within the district. An independent school district has no inherent or implied authority to levy taxes for the maintenance of schools but can do so only when so authorized by a vote of the property tax paying voters within the district. 37 Tex.Jur. 990; Constitution, art. 7, sec. 3, Vernon's Ann.St.; Geffert v. Yorktown Independent School District, Tex.Com.App., 290 S.W. 1083. Consequently, where such school district undertakes to foreclose a lien for taxes claimed to have been levied and assessed by it, the petition must allege, at least in a general way, the existence of all the facts and the taking of all the steps necessary to the creation of the lien, including the authorization of the tax by a vote of the property tax payers within the district. 40 Tex.Jur. 243; 37 Tex.Jur. 1024; Miller v.

Crawford Ind. School Dist., 26 Tex.Civ. App. 495, 63 S.W. 894; Geffert v. Yorktown Ind. School Dist., Tex.Com.App., 290 S.W. 1083. See, also, Baade v. City of Waco, Tex.Civ.App., 59 S.W.2d 433; Citizens National Bank of Waco v. City of Waco, Tex.Civ.App., 94 S.W.2d 1182, and authorities there cited.

Since plaintiff's petition wholly failed to allege that the qualified voters within the district had authorized the levy of the taxes sought to be collected, the petition did not state a cause of action and was therefore insufficient to support a default judgment.

The judgment of the trial court is reversed and the cause is remanded for a new trial.