Peter J. Pierson v. Sanger Brothers.

No. 835. Decided December 4, 1899.

1. **Deed—Description of Land—Extrinsic Evidence.**

It is the duty of the court to give effect to the intention of the parties to a deed, if that intention can be legally ascertained; thus, a description of land conveyed, not in itself sufficient, may be supported by evidence of connected extrinsic facts making certain what was intended. (Pp. 164, 165.)

2. **Same—Part of Larger Tract.**

A deed conveying a certain number of acres belonging to the grantor (undescribed) out of a named survey (of larger quantity) may be made certain in its description by showing deeds conveying the original survey to such grantor, and deeds from him to other persons for parcels thereof, leaving title in him to a part of the survey amounting to the number of acres which he conveys by the deed in question. (P. 164.)

3. **Deed—Partnership—Individual Property.**

A deed of trust by P. & Co. of their property for the benefit of their creditors, and conveying "also the separate property of P. as follows * * *," sufficiently designates the tract described as being the individual property of P. as distinguished from that of the partnership. (P. 164.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Bosque County.

The suit was brought by Sanger Brothers against Pierson and others. Plaintiffs had judgment in the trial court, which was affirmed on appeal. Pierson then obtained writ of error.

*A. C. Prendergast* and *Gillett & Hale,* for plaintiff in error.—The description of said three tracts of land in controversy given in said first trust deed describes them with sufficient certainty to identify them, and said trust deed is not void but thereby and by the sale thereunder by the trustee to said Rotan Grocery Company, and by it to Peter J. Pierson, he has the title thereto, and Sanger Brothers can not foreclose their pretended lien. Cartwright v. Trueblood, 90 Texas, 535; Curdy v. Stafford, 88 Texas, 120; Hermann v. Likens, 90 Texas, 448; Giddings v. Day, 84 Texas, 605; Arambula v. Sullivan, 80 Texas, 615; McManus v. Orkney, 91 Texas, 27; Hinzie v. Robinson, 50 S. W. Rep., 638; Hughes v. Sandal, 25 Texas, 162; Douthit v. Robinson, 55 Texas, 69; Kingston v. Pickins, 46 Texas, 99; Flannagan v. Boggess, 46 Texas, 330; Wilson v. Smith, 50 Texas, 365; Huffman v. Eastham, 47 S. W. Rep., 35; Bohrer v. Chambers, 49 S. W. Rep., 410; Bishop on Contracts, sec. 360; Jones on Mort., sec. 65.

We also make the following propositions: (1) The language of a deed is the language of the grantor, and if there be a doubt as to its construction it should be resolved against him. Curdy v. Stafford, 88 Texas, 123. (2) If an instrument admit of two constructions, one of which would make it valid, and the other of which would make it void, the former must prevail. Curdy v. Stafford, 88 Texas, 123. (3) If the language can not be harmonized, from which an ambiguity arises in the deed, so that it is susceptible of two constructions, that interpretation will be adopted which is most favorable to the grantee. Cartwright v. Trueblood, 90 Texas, 538. (4) If there be that in the description of the property conveyed which is false, without which the description would be sufficient to identify the subject matter of the deed, the false part of the description will be rejected and effect given to that which remains. Cartwright v. Trueblood, 90 Texas, 538; Giddings v. Day, 84 Texas, 609; Arambula v. Sullivan, 80 Texas, 619; McManus v. Orkney, 91 Texas, 27. (5) It is not permissible to give controlling effect to that which creates an ambiguity and destroys the certainty which is expressed by other language, and thus overthrow the clear and explicit intention of the parties. Cartwright v. Trueblood, 90 Texas, 539; Giddings v. Day, 84 Texas, 609. (6) An instrument which purports to convey that part of a certain tract which is owned and claimed by the grantor, is not void upon its face, for it may be shown by extrinsic evidence what particular part the grantor so owned and claimed. So a description of the thing conveyed, as the interest had and claimed by the grantor in a part of certain land, is capable of being made certain, because it points out the part conveyed as the part in which the interest is owned and claimed. Curdy v. Stafford, 88 Texas, 123; Hermann v. Likens,

90 Texas, 452. (7) It is well established that a voluntary conveyance of a certain number of acres of a larger survey entitles the grantee to an undivided interest therein to that extent, but if the grantor only owned the number of acres which he undertook to convey, the deed would convey what he owned, and it would be proper to allege and prove the facts, giving full description of the tract owned. Hinzie v. Robinson, 50 S. W. Rep., 638.

*S. H. Lumpkin* and *Boynton & Boynton,* for defendants in error.—A deed to be valid must describe the land by its terms or give data from which the description may be found and made certain, and where there are no such data and a patent ambiguity appears on the face of the instrument, parol evidence is not admissible to show what land was intended to be conveyed. Coker v. Roberts, 71 Texas, 597; Taffinder v. Merrell, 45 S. W. Rep., 477; Curdy v. Stafford, 27 S. W. Rep., 823.

Third parties dealing with reference to lands have a right to rely on a deed as they find it, and can not be bound by the intent of the grantor not appearing from the terms of the instrument. Coker v. Roberts, 71 Texas, 597; Clark v. Gregory, 27 S. W. Rep., 56; White v. Kingsbury, 14 S. W. Rep., 201.

A description in a deed which is for a certain number of acres shown to be less than the whole tract, and giving no other and assisting description and no data from which the land intended to be conveyed can be made certain, presents a patent ambiguity and the instrument is void. Norris v. Hunt, 51 Texas, 609; Knowles v. Torbitt, 53 Texas, 557; Flanagan v. Boggess, 46 Texas, 330; Coker v. Roberts, 71 Texas, 597; Lumber Co. v. Hancock, 70 Texas, 312; Slack v. Dawes, 22 S. W. Rep., 1053; Munnink v. Jung, 22 S. W. Rep., 293; Gallagher v. Rahm, 31 S. W. Rep., 327.

A review of the cases seems to establish (1) that parol evidence is admissible to identify matters referred to in the deed that need explanation, and to apply the same to the ground or to show relation to each other; (2) that a deed which by its terms conveys the interest and right of the grantor in a survey or whole tract is good, even though the grantor may own in severalty only a portion of the tract described; (3) that a deed appearing on its face to convey an undefined part in severalty of a larger tract is insufficient and by itself presents a patent ambiguity, and the deed can not be aided by parol, but is void; (4) that such a deed as last referred to can only be aided by data referred to in the deed, and if with the aid of this data the portion is not defined the deed is void.

BROWN, ASSOCIATE JUSTICE.—Sanger Brothers brought suit in the District Court of Bosque County against the firm of Pierson, Peterson & Co., upon a debt, and sued out a writ of attachment, which was levied upon original surveys of land in that county in the names, respectively, of William Winkler, 640 acres, W. B. Morris, 480 acres, Thomas Toby,

640 acres, as the property of P. Pierson. Pierson died and administration was had upon his estate, after which judgment was entered against the firm and against the administrator, foreclosing the lien of the attachment upon the entire Winkler, Morris, and Toby tracts.

This suit was filed by Sanger Brothers against Peter J. Pierson and others to enforce the lien of their judgment upon the land in controversy.

Peter J. Pierson answered substantially as follows: P. Pierson, the father of plaintiff in error, was a member of the firm of Pierson, Peterson & Co., merchants, doing business in Bosque County. On the 17th day of December, 1894, the firm made a deed of trust, conveying to Frank Kell, as trustee, for the benefit of certain creditors, the property of the partnership, and contained this language: "Also the separate property of P. Pierson, as follows: One hundred acres of land out of the William Winkler survey, on the waters of Neil's Creek; four hundred and twenty acres out of the W. B. Morris survey, situated adjoining the above one hundred acres; * * * one hundred and sixty acres out of the Thomas Toby survey. * * * All of said property is situated in Bosque County and particularly described in deeds to me, of record on the deed records of the said county, and which are made a part hereof." The deed records of Bosque County showed that P. Pierson had owned each of the surveys named, and had conveyed to other persons all of the land contained in each, except 420 acres in the W. B. Morris survey, 160 acres of the Thomas Toby survey, and 100 acres in the William Winkler survey, which tracts he owned at the time the deed of trust was made.

Huey & Phillip, creditors of Pierson, Peterson & Co., obtained judgment against the firm and levied upon P. Pierson's interest in all of the named surveys, and in his lifetime caused the land to be sold under execution, and bought the lands in, after which they conveyed them to the Rotan Grocery Co. P. Pierson died after the sale, and subsequently the trustee sold the lands under the deed of trust, which were bought in by Rotan Grocery Co., of Waco, under whom Peter J. Pierson claims title.

Plaintiffs excepted to the answer upon the ground that the description of the lands in the deed of trust was not sufficient to convey them to the trustee. The trial court sustained the exception. The case was tried before the court without a jury and judgment rendered in favor of the plaintiffs, which was affirmed by the Court of Civil Appeals.

The correctness of this judgment depends upon the construction of the deed of trust as to the sufficiency of the description given to convey the land to the trustee. It is the duty of the court to so construe the deed of trust as to give effect to the intention of the parties, if that intention can be legally ascertained. Faulk v. Dashiell, 62 Texas, 646. The language of the deed of trust under which the plaintiff in error claims title is not of such a character that the court can say that the description of the land can not be made certain by extrinsic evidence,

and, taken in connection with the facts alleged in the defendant's answer, showed a good defense to the plaintiff's claim of a lien upon the land. Wilson v. Smith, 50 Texas, 365; Smith v. Westall, 76 Texas, 509; Hermann v. Likens, 90 Texas, 448.

The word "separate" used in the deed of trust designated the property thereafter described as the individual property of Peter Pierson in contradistinction to the partnership property which had been previously conveyed by that instrument. The language, "All of said property is situated in Bosque County and particularly described in deeds to me of record on the deed records of the said county and which are made a part hereof," had reference to and described the original surveys out of which the smaller tracts conveyed were taken. It does not appear upon the face of the paper that Pierson owned a greater quantity of land in either of the original surveys than that conveyed, but the facts alleged in the answer showed that before that time he had owned each of the original surveys and had conveyed all of the land in each except the quantity specified in and conveyed by the deed of trust. It was competent for the defendant to prove these facts upon the trial and thereby to give effect to the instrument.

In the case of Wilson v. Smith, cited above, James Bankston owned a survey of 1280 acres, and, at various times, conveyed to different people portions of that survey until his possession was reduced to 360 acres. Upon the 360 acres he had a homestead, which was not designated. A judgment was rendered against him and execution levied upon the excess of his homestead, in which the land levied upon was described as "one hundred and sixty acres of land, being a part of the homestead tract of James Bankston, exclusive of two hundred acres, exempt by law." It was proved in that case that Bankston had owned all of the survey and had conveyed it to other parties, as above stated. It was objected that the deed was void upon its face for want of a proper description of the land levied upon. This court said: "Apparently the court held the defendant's title insufficient because of uncertainty of description of the land sold in the sheriff's deed and in the levy. If so, we are of opinion that the court erred. Certainly the deed can not be pronounced void upon mere inspection, for it can not be said that it appears from the face of the deed that the land can not be identified by the aid of extrinsic evidence."

In Hermann v. Likens, supra, the land was described in the deed as "one-half interest in and to 893 acres of the P. W. Rose survey in Harris County." This court held that the deed was not void, but extrinsic evidence was admissible to identify the land conveyed.

The allegations of the defendant's answer show clearly that the land conveyed by the first deed of trust can be identified by extrinsic evidence; that is, by deeds of conveyance to P. Pierson for the original surveys and deeds from him to other persons for parcels thereof, leaving the quantity conveyed in each of the original surveys. The description is sufficient. The District Court erred in sustaining the demurrer to

the answer of the defendant, P. J. Pierson, and the Court of Civil Appeals erred in affirming that judgment. It is therefore ordered that the judgments of the District Court and Court of Civil Appeals be reversed and the cause be remanded.

*Reversed and remanded.*