**BLAIR v. CITY OF HOUSTON.   (No. 1226.)**

(Court of Civil Appeals of Texas. Beaumont. May 15, 1925. Rehearing Denied May 27, 1925.)

**1. Municipal corporations ☞485(2)—Improvement certificate, referring to extrinsic evidence by which land can be identified, not void for uncertainty.**

A municipal improvement certificate was not void for uncertainty of description, where it furnishes means by which property on which lien is sought, by use of extrinsic evidence, can be identified; the description in certificate together with references therein being sufficient.

**2. Municipal corporations ☞567(6)—Description of land in petition to foreclose lien held not at fatal variance with improvement certificate.**

Description of land in petition to foreclose lien was not at fatal variance with description in municipal improvement certificate on which it was based, merely because reference to extrinsic evidence was necessary to complete description in latter, and hence deed and testimony of surveyor in aid of description therein were admissible.

**3. Municipal corporations ☞485(2)—Improvement certificate held not void for uncertainty as to land.**

Where a municipal improvement certificate recited that land was portion of lot 6 in block 32, S. S. B. B. addition to city of Houston, described fully in Deed Records of Harris County, Texas, and that J. M. B. was owner thereof, the description was not void, as so indefinite or uncertain on its face that it could not by aid of extrinsic evidence be made to apply to any definite land.

**4. Municipal corporations ☞407(2)—Requirement of uniform taxation not violated by assessments for local improvement.**

Const. art. 8, § 1, requiring uniform taxation of property, is an ad valorem tax provision only, within which city assessments for local improvements do not come.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by the City of Houston against J. M. Blair. From a judgment for plaintiff, defendant appeals. Affirmed.

Tharp & Tharp and Stevens & Stevens, all of Houston, for appellant.

Sewall Myer, Claude Pollard, and Vinson, Elkins, Wood & Sweeton, all of Houston, for appellee.

O'QUINN, J. Suit by the city of Houston, as plaintiff, in the district court of Harris county, against J. M. Blair, as defendant, to recover, for the use and benefit of the Creosoted Wood Block Paving Company, a personal judgment for money alleged to be due and owing by Blair to the said paving company, and also for. the foreclosure of a lien claimed in favor of the paving company on a portion of a certain lot owned by Blair in the city of Houston.

The suit was based upon what is commonly called an improvement certificate, which was executed and delivered by the city of Houston to the Creosoted Wood Block Paving Company under provision of the city charter, in consideration of labor and material furnished to the city by the paving company in paving one of the city's streets. This is the second appeal in this case. For opinion on first appeal, see 252 S. W. 882. After the case was there reversed and remanded, appellees filed an amended petition, upon which the case was tried.

Blair answered by general demurrer, special exceptions, and numerous special pleas that we do not deem it necessary to mention, general denial, and specially that the provisions of the city charter, in virtue of which the city sought to charge him and his property for the labor performed and material furnished by the paving company, as shown by the certificate upon which the suit was based, are unconstitutional and void, in that such provisions are in violation of section 1, article 8, of the Constitution, which requires that taxation shall be equal and. uniform.

The case was tried before the court without a jury, and judgment rendered for appellee for the use and benefit of the paving company for $619.49, the full amount sued for, and for the foreclosure of a lien on the property of Blair described in appellant's amended petition. From this judgment, Blair brings this appeal.

[1] Appellant's first proposition is:

"A municipal improvement certificate, which describes the property upon which it seeks to fix a lien, as follows: 'Property situated in said city, in Harris county, state of Texas, fronting 65.4 feet on the north side of Lamar avenue, being lot No. part of 6 in block B No. 132, S. S. B. B. addition to city of Houston, Texas, and being fully described in Vol. ——, p. —— of the Deed Records of said county'—is insufficient to establish a lien upon any particular tract of. land, and is void for uncertainty of description."

The. assignment is overruled. The description, as shown by the certificate, is:

"Property situated in said city, in Harris county, state of Texas, fronting 65.4 feet on the north side of Lamar avenue, being lot No. part of 6 in block No. 132, S. S. B. B. addition to city of Houston, Texas, and being fully described in Vol. ——, p. ——, of the Deed Records of said county, and against J. M. Blair, the owner of said property."

It will be noted that the description of the property set out in appellant's proposition does not contain the words "and against J. M. Blair, the owner of said property." In plaintiff's amended petition, upon which the case was tried, the property was described as follows:

"A part of lot six (6) in block 132 on the south side of Buffalo Bayou, an addition to the city of Houston, fronting 65.4 feet on the north side of Lamar avenue and being all that part of lot 6 in block 132 lying within the following described boundaries: Beginning at an iron pipe on the present line of San Jacinto street at the S. W. corner of said block, and which is 23½ feet from the curb of Lamar avenue, and then running with the N. line of Lamar avenue S. 55 deg. E. 66 ft., to a gas pipe in the center of the partition fence; thence N. 35 deg. E. with said fence 54 ft. and 2 inches to a pipe in the angle of a fence on the S. side of Jones line; thence N. 54 deg. 15 min. W. 66 ft. 6 inches to Jones' S. W. corner at a pipe in fence; thence N. 54 deg. 15 min. W. 66 ft. 6 inches to Jones S. W. corner at a pipe fence; and thence with San Jacinto St. S. 35 deg. W. 55 ft. 9 inches to the beginning—and being all of said lot six (6) owned by the defendant J. M. Blair in said block, and being that part of said lot acquired by the defendant by deed from Mark Weiss of date April 1, 1904, which deed is recorded in vol. 205, p. 258, of the Deed Records of Harris County, Texas, to which deed and the record thereof reference is here made for all purposes, and being the identical premises described and intended to be described in special assessment certificate, and the other proceedings incidental and leading up to the issuance of said certificate and being the same property abutting on Lamar avenue, in front of which was paved by the Creosoted Wood Block Paving Company under and by virtue and in accordance with said contract with said city of Houston."

Appellee introduced in evidence a deed from Mark Weiss to J. M. Blair, dated April 1, 1904, conveying a part of lots 6 and 7 in block 132, on the south side of Buffalo Bayou, the description being:

"Parts of lots six (6) and seven (7) in block one hundred thirty-two (132) on the south side of Buffalo Bayou in the city of Houston, Harris county, Texas, bounded and described as follows: Beginning at an iron pipe on the present line of San Jacinto St., at the S. W. corner of said block, and which is 23½ feet from the curb of Lamar avenue, and thence running with the north line of Lamar avenue south 55 deg. east 66 feet to a gas pipe in the center of a partition fence; thence north 35 deg. east with said fence 54 feet and 2 inches to a pipe in the angle

of a fence on the south side of Jones' line; thence north 54 deg. 15 min. west 66 feet and 6 inches to Jones' S. W. corner at a pipe in fence; and thence with San Jacinto St. south 35 deg. west 55 feet 9 inches to the beginning."

L. J. Moskowitz, admitted to be a competent surveyor, testified for plaintiff that he had surveyed the Blair property in question in block 132, city of Houston; that in making the survey he had the description as shown in the Weiss deed to Blair, and that he located and made a plat of same, which plat was in evidence, and which showed the land as described in appellee's petition and the portion of lot 6 described in the judgment.

It is seen that, in addition to the specific description of the land in question given in the certificate, the certificate stated that the land was fully described in the Deed Records of Harris County, and that J. M. Blair, appellant, was the owner of the property. By reference to the Deed Records mentioned, the deed from Weiss to Blair can be found recorded in volume 163, p. 214, with description as alleged in appellee's amended petition. Also reference to said records shows vendor's release from Weiss to Blair recorded in volume 205, p. 258, with same description as alleged in appellee's amended petition. The witness Moskowitz testified that he took the description of the Blair land as contained in the Weiss deed and located the particular land called for in the certificate. The description in the certificate, together with the references mentioned therein, is sufficient. It furnishes means by which the property, by the use of extrinsic evidence, can be identified. Hermann v. Likens, 90 Tex. 448, 39 S. W. 282; Eustis v. City of Henrietta, 90 Tex. 468, 39 S. W. 567; Pierson v. Sanger, 93 Tex. 160, 53 S. W. 1012; Taffinder v. Merrell, 95 Tex. 98, 65 S. W. 177, 93 Am. St. Rep. 814; Slaughter v. City of Dallas, 101 Tex. 315, 107 S. W. 48; Grace v. City of Bonham, 26 Tex. Civ. App. 161, 63 S. W. 158 (writ denied); Elmendorf v. City of San Antonio (Tex. Civ. App.) 223 S. W. 631.

[2] But appellant insists that the court erred in admitting in evidence the deed from Weiss to Blair and the evidence of the witness Moskowitz that he took the description in the Weiss deed and located the particular land in question, for the reason that there was a fatal variance in the description of the land in appellee's petition and the certificate. The contention is without merit and is overruled.

Appellant insists that this court, on former appeal of this case, reported in 252 S. W. 882, held that the description in the certificate was insufficient to warrant the foreclosure of a lien on any particular property. Chief Justice Hightower, in the opinion of this court on former appeal, in dis-

cussing appellant's third assignment of error, was discussing the description of the land in the judgment, not the description of the land in the certificate. We there held that the description in the judgment was not sufficient, and that the petition, if referred to in aid of the description in the judgment, would not aid same. The description of the land in the judgment and petition on the former appeal did not contain the words, "and being fully described in Vol. ——, p. — of the Deed Records of said county and against J. M. Blair, the owner of said property," as the same appear in the certificate, nor was there extrinsic evidence in pursuance of the references in the certificate offered to locate the land, as is now the case. There is nothing in the opinion on former appeal that could be construed to mean that the description of the property in the certificate could not be aided by extrinsic evidence.

[3] Appellant's proposition under his third, fourth, and fifth assignments of error is that:

"A conveyance of land or an incumbrance on the same is void for uncertainty, unless the writing itself identifies the land, or unless such writing upon its face expressly or by implication refers to some instrument, document, map, plat, record, or outside fact by which the land can, with reasonable certainty, be identified, and unless such means of identification are supplied in the description, the description cannot be aided by parol testimony."

We take it that appellant's proposition is based upon the idea that the description of the land in the certificate in question is void upon its face—that is, that the description is such that it cannot be aided by extrinsic evidence, and that this appears from a mere inspection of the certificate; otherwise the proposition is not a sound statement of the law. A deed or description of a parcel of land cannot be said to be void for uncertainty of description, unless from an inspection of the deed or instrument containing the description it appears that the description is so indefinite and uncertain that it cannot by the aid of extrinsic evidence be made to apply to any definite land. Pierson v. Sanger, 93 Tex. 160, 53 S. W. 1012. Certainly the certificate in question cannot be pronounced void upon mere inspection, for it cannot be said that it appears upon the face of the certificate that the land cannot be identified by the aid of extrinsic evidence. The certificate recites that the land is a portion of lot 6 in block 132, S. S. B. B. addition to the city of Houston, that it is described fully in the Deed Records of Harris County, Texas, and that J. M. Blair is the owner of the land. These recitations furnish ample means of reference by which the land can be located.

[4] Lastly, appellant complains:

"Under the Constitution of the state of Texas, taxation must be equal and uniform; hence, where a property owner has been subjected to general taxation, and out of this general taxation he has paid his pro rata of taxes levied for street improvements remote from his property, he cannot be lawfully assessed and be required to pay a special assessment for improving his individual property."

In support of this contention appellant cites us to article 8, § 1, of the Constitution of this state. In the former appeal of this case appellant presented this identical question, and we overruled same; Chief Justice Hightower saying:

"Assessments by municipalities under special charter granted by the Legislature of this state for local improvements are not inhibited or governed by the provision of the Constitution here invoked by appellant. That provision, as many of the courts of this state have construed it, has reference only to ad valorem taxation, and assessments for local improvements by municipalities, such as that in question here, do not come under that head,"

—citing many authorities. See Blair v. City of Houston (Tex. Civ. App.) 252 S. W. 885. The assignment is overruled.

No error being shown, the judgment is affirmed.