Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

**OPINION**

No. 04-06-00377-CV

Chester D. **EASTIN** Jr.,
Appellant

v.

Preston H. **DIAL** Jr., Debra Lynn Dial, Robert Scott Dial, and
Ralph Lopez, Sheriff of Bexar County, Texas,
Appellees

From the 293rd Judicial District Court, Zavala County, Texas
Trial Court No. 03-08-10796-ZCV
Honorable Cynthia L. Muniz, Judge Presiding

Opinion by:     Steven C. Hilbig, Justice

Sitting:        Catherine Stone, Chief Justice
                Karen Angelini, Justice
                Steven C. Hilbig, Justice

Delivered and Filed:   January 28, 2009

AFFIRMED

Chester D. Eastin Jr. appeals the trial court's order granting summary judgment in favor of

appellees Preston H. Dial Jr., Debra Lynn Dial, Robert Scott Dial, and Ralph Lopez, Sheriff of Bexar

County, Texas.   Eastin contends the trial court erred in granting Dial's motion for summary

judgment, denying Eastin's motions for summary judgment, and denying Eastin's bill of review.

He also claims the bill of review procedure, which required Eastin to establish a meritorious ground of appeal, violates his due process rights. We affirm the trial court's judgment.

## BACKGROUND

In 1966, Eastin purchased approximately 969 acres in Zavala County ("the Ranch") from G.C. Jackson and others. Jackson reserved a one-half interest in the property's minerals. The remaining one-half interest went to Eastin. In 1981, Eastin sold the Ranch to John R. Blanton. As part of the purchase, Blanton assumed a $251,000.00 note payable to the Federal Land Bank and executed another note in favor of Eastin, secured by a second lien deed of trust. The next year, a dispute arose over late note payments and Eastin instigated foreclosure proceedings based on his lien. Blanton filed suit against Eastin to stop the foreclosure. When Blanton's request for an injunction failed, Eastin foreclosed and repurchased the Ranch at the foreclosure sale. Blanton thereafter amended his suit, seeking to set aside the foreclosure and recover damages.

In October or November of 1983, Preston H. Dial Jr. entered into a series of contracts for a tax-free exchange of properties in Comal, Bexar, and Zavala counties. One of these contracts was with Eastin and was entitled Contract for Tax Free Exchange ("CTFE"). Under the CTFE, Eastin agreed to convey the Ranch to Dial and Dial agreed to convey property he owned in Comal and Bexar counties to Eastin. Eastin was required, before closing, to deliver a title insurance policy to Dial that would guarantee clear title to the Ranch. Because of the disparity in the value of the properties, Dial agreed to assume the balance of the Federal Land Bank note and to pay sufficient cash to make up the difference in value. The obligations set forth in the CTFE were "expressly conditioned or subject to" (1) approval of Dial for assumption of the Federal Land Bank note, (2) a mineral lease from 1981 between Eastin and Zeitgeist Exploration Company, and (3) a mineral

reservation in favor of Eastin of one-half (½) of his "right, title and interest in and to the royalty, excess royalties and overriding royalties, of all the oil, gas and/or minerals in, to and under or that may be produced" from the Ranch, *pro rata* participation in any bonuses, and participation in delay rentals.

The closing date for the transactions was December 19, 1983. According to Dial, when the time came to close, Eastin could not convey clear title to the Ranch because of Blanton's claim, as well as another alleged encumbrance. Eastin and Dial entered into another contract, which was entitled Contract to Clear Title ("CCT"). The parties agreed the CCT would "relate[] back to, survive[ ], and incorporate[] by reference the Contract for Tax Free Exchange" and was entered into to "carry out the intent and terms of the" CTFE. After acknowledging in the CCT that there were clouds on the Ranch that prevented Eastin from delivering a clear title policy, the parties agreed Eastin would have twelve months to obtain clear title, but still required Eastin to deliver immediately to Dial a warranty deed as contemplated in the CTFE. Eastin agreed to provide Dial with a $100,000.00 letter of credit upon which Dial could draw if Eastin failed to clear the title, and to continue making payments on the Federal Land Bank note, which Dial would reimburse if clear title were delivered. The CCT also included a paragraph stating that all other requirements imposed upon Eastin would be performed at the time he removed the clouds on the title, "including a replacement Warranty Deed under the Contract for Tax Free Exchange."

On December 29, 1983, in accordance with the CCT, Eastin delivered a "Warranty Deed," to Dial, which Dial recorded on January 4, 1984. The 1983 deed conveyed the Ranch to Dial without the mineral reservation contemplated in the CTFE and did not refer to Dial's assumption of the Federal Land Bank note or the Zeitgeist Exploration Company lease. Eastin claimed he did not

object to the absence of the mineral reservation or the other conditions required under the CTFE because the 1983 deed was merely a "temporary deed" executed with the "express understanding" that when he removed the clouds on the Ranch title, a "replacement deed" would be issued to Dial, which would contain all of the conditions set forth in the CTFE, including the reservation of the mineral interest. Dial, on the other hand, asserted the 1983 deed was executed, along with the letter of credit, in exchange for permitting Eastin additional time to clear title to the Ranch. Dial claimed he never represented to Eastin or anyone else that the 1983 deed was a temporary deed. Indeed, Dial took possession of the Ranch pursuant to the 1983 deed, performed his obligation to convey his property to Eastin, and paid Eastin including the payment of $11,000.00 in earnest money.

After Eastin foreclosed and delivered the 1983 deed to Dial, Blanton amended his petition, naming Dial as a defendant. Dial answered. The matter proceeded to trial and on August 8, 1984, a judgment was entered in Blanton's favor based on the jury's verdict. The judgment cancelled the foreclosure and awarded Blanton title to the Ranch plus damages for wrongful foreclosure. The judgment "cancelled and annulled" the December 1983 deed from Eastin to Dial, and stated that Dial "at all times, had knowledge of the controversy between EASTIN and BLANTON." Eastin alone appealed, but the parties ultimately settled and Eastin moved to dismiss the appeal. On January 31, 1985, this court granted the motion to dismiss, dismissed the appeal, and vacated the trial court's judgment.

According to Dial, his attorney advised him after the settlement that to "assure the tax free exchange," Blanton should execute a deed transferring the Ranch back to Eastin and Eastin should execute another deed to Dial. Blanton transferred the Ranch and, at the end of 1984, Eastin executed another deed to Dial entitled "Exchange Warranty Deed" ("1984 deed"). This deed again

transferred the Ranch to Dial but unlike the 1983 deed, the Exchange Warranty Deed included most of the conditions stated in the CTFE. Notably however, the 1984 deed, which was prepared by Dial's attorney, did not include the mineral reservation in favor of Eastin. According to Eastin, he and his attorney noticed the missing mineral reservation when they went to review the documents at the closing. Eastin claimed that there was no one at the title company available to prepare an addition to the deed so they took the 1984 deed to another office, typed an allonge reserving the royalties in favor of Eastin, and attached it to the 1984 deed. Dial asserted he executed the deed, in accordance with his attorney's advice regarding assuring the tax-free exchange, before Eastin signed the deed. He further claimed that at the time he signed the deed no allonge was attached. However, he noticed when it was returned to him after recording it had a "scotch-taped allonge containing a one-half mineral reservation in favor of Eastin." Dial claimed the allonge was added without his knowledge or agreement.

In 1990, Eastin learned from his predecessor in interest that a $24,000.00 bonus was paid to Dial pursuant to a mineral lease with Joe R. Peacock. Eastin also learned about a payment of $8,000.00 in delay rentals. Eastin asked his attorney to contact Dial regarding payment to Eastin of his share of the bonus and delay rentals, which he claimed pursuant to the reservation in the 1984 deed. Eastin's attorney contacted Dial and demanded that Dial acknowledge the reservation attached to the 1984 deed and pay Eastin his share of monies due based thereon. Dial's attorney responded by letter stating in part:

> Please remind Dr. Easton [sic] that in December of 1983 he executed a warranty deed for the same real property without any reservation of mineral interest. The subsequent exchange deed was for the purpose of clearing title in the grantee of any cloud by the Blanton claim and to insure [sic] a land exchange free of income tax consequences.

The letter concluded by stating that under well-settled law the 1983 general warranty deed conveyed fee simple to Dial and estopped Eastin from asserting any interest in the Ranch. Apparently Eastin took no further action until 1992 when he sent a copy of the 1984 deed to Dial and again demanded his share of any monies due him based on the reservation in the deed.

In September 1994, Dial executed a mineral lease with Columbia Gas Development Corporation ("Columbia"). Having apparently discovered the existence of the 1984 deed, Columbia contacted Eastin and requested that he ratify the lease. Eastin claimed Columbia representatives told him that unless he ratified the lease and approved a pooling agreement, Columbia would not drill on the Ranch. Eastin thereafter executed an agreement with Columbia acknowledging the dispute between Eastin and Dial and agreeing to place the disputed funds from any royalty or other payments in a special escrow account pending resolution of the matter. Ultimately, Columbia obtained production and the disputed funds based on Eastin's claimed one-fourth interest were placed in escrow.

On August 28, 1997, Dial and his children filed suit against Eastin seeking to settle the matter of the disputed mineral reservation.[1] They asked the court to declare that the 1983 deed transferred Eastin's entire interest in the Ranch to Dial, including any mineral or royalty interest. The Dials claimed Eastin was estopped to deny the effect of the 1983 deed. They alternatively claimed ownership based on the doctrine of after-acquired title and adverse possession. They further alleged damage claims for fraud and violations of the Texas Deceptive Trade Practices Act and sought attorney's fees under the Texas Declaratory Judgments Act. Eastin answered and denied all of the

---

[1] Debra Lynn Dial and Robert Scott Dial are the children of Preston H. Dial Jr. Beginning in October 1990, Dial began to gift his children with surface and mineral interests in the Ranch.

Dials' claims, asserted defenses, and counterclaimed for fraud, fraud in a real estate transaction, and breach of contract.

Both the Dials and Eastin moved for summary judgment on all claims. On November 15, 2000, the trial court issued a letter ruling on the motions. In early 2001, both the Dials and Eastin prepared proposed orders based upon the court's letter. Believing the court had failed to take any action on either of the proposed orders, the Dials sent another proposed order, along with a letter, to the court in April of 2002; Eastin did the same. On April 25, 2002, Eastin's attorney received a message from the trial court's court coordinator asking that he return the call that day. When Eastin's attorney called, he was informed the trial court had signed the judgment and severance presented by Dial on August 10, 2001. The district clerk of Zavala County sent the parties a letter explaining what had happened:

> After my review of the file and inspection of same, my only conclusion is that the conformed copies of [the judgment] were not forwarded to all counsel of record at that time. The only explanation I have, is that this was due to an apparent oversight in my office.

In its judgment, the trial court granted the Dials' motion for summary judgment and denied Eastin's motion for summary judgment with regard to the disputed mineral interest. The trial court denied summary judgment as to both parties' claims for damages, but severed those claims in order to make the judgment as to the disputed mineral interest final. Based on the ruling, fee simple title to the property, including the disputed interest, was awarded to the Dials, entitling them to the money placed in escrow by Columbia. The Dials were also awarded $8,000.00 in attorney's fees. When the Dials received notice of the judgment, they withdrew the disputed funds from the Columbia escrow account and sought to recover the attorney's fees awarded in the judgment. Ultimately, the Bexar

County Sheriff published notice of the intent to execute on and sell real property owned by Eastin to satisfy the judgment for attorney's fees.[2] Eastin obtained a temporary restraining order to stop the sale and the parties agreed to a temporary injunction, pending resolution of Eastin's bill of review, which he filed in 2003.

Because Eastin did not receive notice of the judgment for more than eight months, he missed his deadlines for filing a motion for new trial and a notice of appeal, prompting the filing of the petition for bill of review. The Dials answered the bill of review and filed a no evidence motion for summary judgment. Eastin filed a traditional motion for summary judgment. The trial court granted the Dials' motion for summary judgment, denied Eastin's, and dismissed Eastin's action against the Sheriff. Eastin perfected this appeal.

## DISCUSSION

### *Issues One and Two – Title to the Ranch*

In issues one and two, Eastin contends the trial court erred in granting the Dials' no evidence motion for summary judgment and denying his traditional motion for summary judgment.[3] Courts review traditional and no evidence motions for summary judgment *de novo*. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A no evidence motion for summary judgment should

---

[2] This is the reason for the Sheriff's inclusion as a party in this matter.

[3] Eastin contends the Dials' motion for summary judgment was actually a traditional motion because it contains a recitation of background facts and has an affidavit attached to it. We disagree and Eastin has cited no authority suggesting this transforms a no evidence motion into a traditional one. Nothing in Rule 166a(i) precludes a no evidence movant from including background facts. *See* TEX. R. CIV. P. 166a(i). Attaching evidence to a no evidence motion does not automatically turn the motion into a traditional one. *See Binur v. Jacobo*, 135 S.W.3d 646, 651 (Tex. 2004). If a motion clearly sets forth its grounds and otherwise meets the requirements of Rule 166a(i), it is sufficient. *Id*. The Dials' motion asserted it was filed pursuant to Rule 166a(i) and asserted "there is no evidence of plaintiff's essential meritorious defense element." This is one of the three elements a bill-of-review plaintiff must establish and in this case, the only element at issue. *See Caldwell v. Barnes*, 154 S.W.3d 93 96 (Tex. 2004). The Dials therefore satisfied the requirements of Rule 166a(i). *See* Tex. R. Civ. P. 166a(i).

be granted if the non-movant fails to present more than a scintilla of probative evidence to raise a genuine issue of material fact on the challenged element. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). A traditional motion for summary judgment is granted only when the movant establishes there are no genuine issues of material fact and it is entitled to judgment as a matter of law on the grounds expressly set forth in the motion. *Browning v. Prostok*, 165 S.W.3d 336, 344 (Tex. 2005). When reviewing an order granting a traditional motion for summary judgment, courts take evidence favorable to nonmovant as true and indulge every reasonable inference from the evidence in favor of the nonmovant. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997).

A bill of review is an equitable proceeding to set aside a prior judgment that can no longer be challenged by a motion for new trial or appeal. *Caldwell*, 154 S.W.3d at 96 (citing *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979)). A bill-of-review plaintiff must ordinarily plead and prove (1) a meritorious defense or claim to the underlying cause of action, (2) which the plaintiff was prevented from making by the fraud, accident, or wrongful act of the opposing party or official mistake, (3) unmixed with any negligence or fault on the part of the plaintiff. *Id*. However, when the bill-of-review plaintiff participates in the underlying suit, but was prevented from filing a motion for new trial or appeal because the district clerk failed to give notice of judgment, the bill-of-review plaintiff must establish a "meritorious ground of appeal" in lieu of a meritorious claim or defense. *Petro-Chemical Transp., Inc. v. Carroll*, 514 S.W.2d 240, 245 (Tex. 1974) (quoting *Overton v. Blum*, 50 Tex. 417, 426 (1878)); *Thompson v. Ballard*, 149 S.W.3d 161, 164 (Tex. App.–Tyler 2004, no pet.). A "meritorious ground of appeal" is one that might, and probably would, result in a reversal of the trial court's judgment. *McRoberts v. Ryals*, 863 S.W.2d 450, 455 n.1 (Tex. 1993) (citing *Petro-Chemical*, 514 S.W.2d at 245).

The *Petro-Chemical* elements apply in this case because Eastin fully participated in the underlying suit, but failed to receive notice of the trial court's judgment for more than eight months after it was signed. Because it was undisputed that Eastin did not receive notice of the August 2001 judgment until April 2002 due to an admitted mistake by the district clerk, unmixed with any negligence by Eastin, the only issue for summary judgment was whether Eastin had a meritorious ground of appeal. *See Caldwell*, 154 S.W.3d at 96; *Petro-Chemical*, 514 S.W.2d at 245. Accordingly, summary judgment in favor of the Dials was proper in this case unless Eastin presented more than a scintilla of probative evidence to raise a genuine issue of material fact on the element of meritorious ground of appeal. *See Ridgway*, 135 S.W.3d at 600.

Given the posture of this case – an underlying summary judgment followed by a summary judgment denying a bill of review – we must conduct a *de novo* review to determine whether a *de novo* review of the underlying case would have resulted in the reversal or modification of the underlying judgment. In doing so, we are limited to a review of what would have been the appellate record if Eastin had appealed the underlying judgment. *See Petro-Chemical*, 514 S.W.2d at 246.

The underlying judgment granted the Dials' motion for summary judgment and denied Eastin's on the issue of title to the mineral interest, but specifically denied and then severed both parties' other claims. Therefore any ground of appeal challenging the severed damage issues will not support Eastin's bill of review and we will consider only those grounds of appeal relevant to the title adjudication. Given the foregoing, as well the issues actually raised and addressed in the petition for bill of review, the parties' motions for summary judgment, and the appellate briefs, there are three possible meritorious grounds for appeal to be considered by this court: (1) Eastin's challenge to the

legal effect of the 1983 deed, (2) Eastin's attack on the Dials' alternative claim of title based on adverse possession, and (3) the award of attorney's fees.[4]

*1983 Deed*

Eastin first argues the summary judgment was erroneous because he presented evidence establishing, or at least raising a fact issue, that the 1983 deed could not convey title to Dial because it was cancelled by the trial court's judgment in the *Blanton v. Eastin* suit, a judgment from which Dial did not appeal. He contends this court therefore would have been required to reverse the judgment in favor of the Dials if Eastin had been able to appeal. In support of his contention, Eastin submitted numerous documents from the *Eastin v. Blanton* suit and the ensuing appeal, including the pleadings, the judgment and mandate, and the cost bond perfecting the appeal, as well as his own affidavit describing the events relating to the suit and the appeal.

The trial court's judgment in *Blanton v. Eastin* decreed the 1983 deed from Eastin to Dial "cancelled and held for naught." However, Eastin's own summary judgment proof establishes he appealed the judgment and while the appeal was pending, Eastin and Blanton settled the dispute. This court granted Eastin's motion to dismiss and issued a per curiam opinion stating, in relevant part, "[t]he motion is granted. The judgment below is vacated and the cause is dismissed from the dockets of the trial court. The appeal is dismissed." *Eastin v. Blanton*, No. 04-84-00496-CV (Tex. App.–San Antonio Jan. 31, 1985, no writ). Our judgment vacated the trial court's judgment and ordered the

---

[4] Though Eastin raises a *Malooly* point of error and refers in his briefs to numerous alleged "meritorious grounds of appeal" that were presented in his petition for bill of review and his motion for summary judgment, his briefs contain argument and authorities relating only to these three issues. Accordingly, these challenges to the trial court's summary judgment are the ones properly before this court. *See Brown v. Hearthwood II Owners Ass'n, Inc.*, 201 S.W.3d 153, 156-57 (Tex. App.–Houston [14th Dist.] 2006, pet. denied) (holding that general *Malooly* issue preserves complaint only if ground challenged on appeal is supported by argument); *see also* TEX. R. APP. P. 38.1(h).

cause dismissed from the trial court's docket. The court's mandate issued on March 22, 1985, making our judgment final for all purposes.

Eastin's argument ignores the fact that this court did not merely dismiss the appeal, but vacated the trial court's judgment, not just part of the judgment or as to one party, but the entire judgment. *See id.* When a judgment is vacated, "it is entirely destroyed, and the rights of the parties are left as if no such judgment had ever been entered." *Bain v. Coats*, 244 S.W. 130, 134 (Tex. Comm'n App. 1922, judgm't adopted); *see Oil Field Haulers Ass'n v. R.R. Comm'n*, 381 S.W.2d 183, 188 (Tex. 1964) (holding that vacated judgment cannot under any circumstances be final judgment); *cf. Jones. v. Ill. Employers Ins. of Wausau*, 136 S.W.3d 728, 739 (Tex. App.–Texarkana 2004, no pet.) (holding that where court of appeals dismissed appeal but did not vacate trial court's judgment, such judgment was left intact). The legal effect of this court's vacatur of the trial court's judgment in *Blanton v. Eastin* was to return all parties and property interests to what they were before Blanton filed suit. *Cf. Montemayor v. Ortiz*, 208 S.W.3d 627, 665 (Tex. App.–Corpus Christi 2006 pets. denied) (holding that granting of new trial has legal effect of vacating judgment and returning case to trial court docket as though there had been no trial or hearing).

Eastin next contends Dial was not entitled to the benefit of our dismissal and vacatur because he did not appeal the *Blanton v. Eastin* judgment. Generally, when one party appeals a judgment, any relief afforded that party applies only to him and not to any nonappealing party. *See Saigh v. Monteith*, 147 Tex. 341, 215 S.W.2d 610, 613 (1948). However, when an appellate court issues a judgment and mandate that unambiguously reverses, vacates, or otherwise modifies a lower court's judgment in its entirety, that judgment and mandate is binding on all parties to the judgment. *See Fletcher v. Blair*, 874 S.W.2d 83, 84 n.1 (Tex. App.–Austin 1994, writ denied). Moreover, to hold

that the *Eastin v. Blanton* judgment was vacated as to Eastin, but not as to Dial, would be intolerably inconsistent – Eastin would have title to the property as if Blanton had never brought suit, but Eastin could not have transferred title to Dial because Eastin did not have title. This is untenable; Eastin's and Dial's respective rights are so interwoven that vacatur of the judgment as to one is vacatur as to both. *Cf. Turner v. Collie & Braden, Inc. v. Brookhollow, Inc.*, 642 S.W.2d 160, 166 (Tex. 1982) (holding that generally when one party appeals judgment, reversal as to him will not justify reversal as to other nonappealing parties unless respective rights of appealing and nonappealing parties are so interwoven or dependent as to require reversal of entire judgment to afford appealing party true relief). Accordingly, we hold the 1983 deed from Eastin to Dial was not "cancelled and held for naught" and Eastin therefore presented no evidence to support a meritorious ground for appeal based on the *Eastin v. Blanton* judgment.

Eastin also argues the 1983 deed did not convey title of the disputed mineral interest to Dial because the parties intended it as a temporary deed, which was replaced by what he refers to as the 1984 replacement warranty deed.[5] In support, Eastin points to the CTFE, the CCT, his affidavit, the affidavit of his attorney, and the 1984 deed.

Neither party contended the 1983 deed is ambiguous, so we construe the language of the deed to ascertain the intent of the parties without considering parol evidence, i.e., as a matter of law. *Averyt v. Grande, Inc.*, 717 S.W.2d 891, 893 (Tex. 1986); *Pierson v. Sanger*, 93 Tex. 160, 53 S.W. 1012, 1013 (1899). The primary duty of a court when construing a deed is to ascertain the intent of the parties from the language in the deed using the "four corners" rule. *Luckel v. White*, 819 S.W.2d

---

[5] Eastin refers to the 1984 deed as the "Replacement Exchange Warranty Deed." However, the term "replacement" does not appear in the title of that deed, it is simply entitled "Exchange Warranty Deed," a denomination clearly referring to the underlying purpose of the deed, the tax-free "exchange."

459, 461 (Tex. 1991). The intent that governs is not the intent the parties meant but failed to express, but rather the intent actually expressed in the deed. *Gore Oil C. v. Roosth*, 158 S.W.3d 596, 599 (Tex. App.–Eastland 2005, no pet.). A deed must be construed to confer upon the grantee the greatest estate that the terms of the instrument will permit. *Lott v. Lott*, 370 S.W.2d 463, 465 (Tex. 1963). A deed will pass whatever interest the grantor has in the land, unless it contains language showing the intention to grant a lesser estate. *Sharp v. Fowler*, 151 Tex. 490, 252 S.W.2d 153, 154 (1952); *see Jasper State Bank v. Goodrich*, 107 S.W.2d 600, 602 (Tex. Civ. App.–Beaumont, 1937, writ dism'd) ("[T]he law can indulge the presumption that the grantor 'intends to convey the tract to which he has title' . . . when that presumption does not do violence to the language of the deed"). A warranty deed will pass all of the estate owned by the grantor at the time of the conveyance unless there are reservations or exceptions that reduce the estate conveyed. *Sharp*, 252 S.W.2d at 154. Reservations of minerals are effective only if made in clear language. *Id*.; *see Melton v. Davis*, 443 S.W.2d 605, 608 (Tex. Civ. App.–Tyler 1969, writ ref'd n.r.e.) (holding that if appellees had intended to reserve disputed mineral interest, they could have done so by language specifically and unequivocally expressing such intent; having failed to include such language in the deed, the mineral estate passed to appellants under the deed).

The 1983 deed, which was signed by Eastin and recorded by Dial after the CTFE and CCT were executed, is entitled "Warranty Deed" and it grants, sells, and conveys the Ranch to Dial without any mineral reservation in favor of Eastin. There is no language in the deed suggesting it was intended to be temporary, would be replaced, or that it did not actually convey the described property to Dial at the time. Because there were no reservations or exceptions in the 1983 deed from Eastin to Dial, Eastin conveyed all the rights he had in the Ranch, including his interest in the mineral estate.

Eastin's belief that the legal effect or meaning of the deed was something other than what is plainly stated therein does not permit him to avoid its effect. *See Davis v. Bond*, 138 Tex. 206, 158 S.W.2d 297, 300 (1942). The parties' prior agreements, the CTFE and the CCT, which did express an intent by Eastin to reserve a mineral interest, are wholly inconsistent with the terms of the 1983 deed with regard to the mineral reservation. We conclusively presume the 1983 deed and its terms superseded any prior agreement about Eastin's mineral reservation. *See Fish v. Tandy Corp*., 948 S.W.2d 886, 899 (Tex. App.–Fort Worth 1997, writ denied); *Smith v. Smith*, 794 S.W.2d 823, 828 (Tex. App.–Dallas 1990, no writ). Accordingly, Eastin neither proved as a matter of law nor presented a scintilla of evidence to show the 1983 deed was temporary and failed to convey the Ranch, including Eastin's mineral interest, to Dial.

### Adverse Possession

In the 1997 lawsuit, the Dials alleged adverse possession of the Ranch as an alternate ground for finding they owned the Ranch, including the mineral interest. Because the 1983 deed vested title in the Dials, the merit of the alternate ground is irrelevant, as are any "meritorious grounds of appeal" that Eastin might have raised with respect to the adverse possession claim. We therefore need not address whether Eastin proved a matter of law or raised a fact issue as to the Dials' claim to the Ranch based on adverse possession.

### Attorney's Fees

Finally, Eastin contends he would likely have been entitled to a reversal of the judgment in the 1997 suit based on the trial court's award to the Dials of $8,000.00 in attorney's fees. Eastin contends the affidavit Dial submitted in support of his fee claim was conclusory and failed to segregate recoverable from unrecoverable fees. However, Eastin presents absolutely no argument and

cites no authority to support the allegation the affidavit is conclusory. Accordingly, this contention is waived and we will consider only his claim that the failure to segregate attorney's fees is a meritorious ground of appeal. *See In re B.L.*, No. 04-05-00621-CV, 2006 WL 1895450, at *5 (Tex. App.–San Antonio Jul. 12, 2006, pet. denied (mem. op.) (citing *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284-85 (Tex. 1994) (holding appellate court has discretion to deem points of error waived due to inadequate briefing)); TEX. R. APP. P. 38.1(h) (stating that brief must contain clear and concise argument for contentions made with appropriate citations to authorities and the record).

In the 1997 suit, the Dials sought attorney's fees pursuant to the Texas Declaratory Judgments Act. They filed an affidavit from their attorney with their motion for summary judgment. Eastin objected to the affidavit and the Dials submitted an amended affidavit. Eastin never objected to the original affidavit or the amended affidavit on the ground it failed to segregate recoverable from unrecoverable attorney's fees. As a general rule, a party seeking to recover attorney's fees is "required to segregate fees between claims for which they are recoverable and claims for which they are not." *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006). However, the opposing party must properly preserve for appellate review a contention that the fee claimant failed to segregate the fees sought. *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 389 (Tex. 1997). Because Eastin did not object to the attorney's affidavit on grounds of failure to segregate, he waived this objection. *See id.*

### Issue Three – Constitutionality of Bill of Review Procedure

Eastin argues in his third issue that requiring him to establish a meritorious ground of appeal deprives him of his right to due process. He contends both federal and state law "make[] it clear that

-16-

one receiving no actual or constructive notice of a judgment is entitled to have it set aside without proving a meritorious defense." Eastin relies on authority holding that to require proof of a meritorious defense where a defendant received no notice of the lawsuit would violate due process. *See Peralta v. Heights Med. Ctr.*, *Inc.*, 485 U.S. 80, 84-97 (1988) (holding that "a judgment entered without notice or service is constitutionally infirm" because a "'fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated . . . to apprise interested parties of the pendency of the action and afford them the opportunity to present their objections'") (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

We agree that under *Peralta*, a defendant who was never given notice of the suit in which judgment was rendered against him is not required to prove the existence of a meritorious defense. *Id.* However, we do not agree that a defendant who was served with citation and participated in the lawsuit, but then failed to receive notice of the judgment, is excused from proving a meritorious defense. The due process exception of *Peralta* is limited to those instances in which the bill-of-review plaintiff was not served with valid citation in the suit in which the judgment was rendered. *See id.*; *Caldwell*, 154 S.W.3d at 96-97. The *Peralta* exception does not apply to Eastin because he undisputedly received service of citation in the underlying matter and fully participated in the lawsuit.

Despite *Peralta* and *Caldwell*, Eastin argues that under *Dispensa v. Univ. State Bank*, the exception to the meritorious defense requirement should apply to a case where the defendant was served but did not receive notice of the judgment. 987 S.W.2d 923 (Tex. App.–Houston [14th Dist.] 1999, no pet.). Again, we disagree. In *Dispensa*, the court of appeals held *Peralta* did not apply to a defendant who was not properly served with citation, but had actual notice of the judgment at a time

when he could have challenged the judgment based on lack of valid service. *Id.* at 926-28. The court reasoned the *Peralta* exception was inapplicable because the defendant's own inaction, rather than a lack of notice, caused him to miss the opportunity to file a motion for new trial or restricted appeal. *Id.* at 928. However, it does not follow from the holding in *Dispensa* that the *Peralta* exception applies in every case where actual knowledge or notice of the judgment is lacking. It was undisputed that the defendant in *Dispensa* did not receive valid service of process, the very fact upon which the *Peralta* exception is based.

Texas law requires a bill-of-review plaintiff who was properly served with notice of the suit to show the existence of a meritorious defense. Eastin has cited no authority to support his contention that the *Peralta* exception applies when a defendant was properly served with citation, fully participated in the lawsuit, but failed to receive timely notice of the judgment. *See, e.g., Caldwell*, 154 S.W.3d at 96. Accordingly, we hold Eastin was not denied due process by having to establish a meritorious defense in order to succeed on his bill of review.

CONCLUSION

We hold Eastin has failed to conclusively establish or present more than a scintilla of evidence of a meritorious ground of appeal. Accordingly, we overrule his issues and affirm the trial court's judgment.

Steven C. Hilbig, Justice