

August 8, 2024

The Honorable John L. Forrest, Jr.
Parker County Attorney
101 North Main Street
Weatherford, Texas 76086

**Opinion No. KP-0472**

Re: Whether Texas Property Code section 52.002 requires a district clerk to prepare an abstract of judgment rendered by a court of appeals (RQ-0531-KP)

Dear Mr. Forrest:

On behalf of the Parker County District Clerk's office, you ask whether Property Code section 52.002 requires a district clerk to prepare an abstract of judgment rendered by a court of appeals under particular circumstances.[1]

### Property Code section 52.002 – Abstract of Judgment

Chapter 52 of the Property Code governs the creation of a judgment lien, which is a method available to enforce collection on a money debt. *See generally* TEX. PROP. CODE §§ 52.001–.043. Specifically, the process enables a person in whose favor a court judgment is rendered to place a lien on real property owned by a person against whom the judgment was rendered. *Id.*; *see also id.* § 52.001 (titled "Establishment of Lien"). "The first step in creating a lien on a judgment is to obtain an abstract of the judgment." *Gordon v. W. Hous. Trees, Ltd.*, 352 S.W.3d 32, 38 (Tex. App.—Houston [1st Dist.] 2011, no pet.). An abstract of judgment is a document showing particular information, including the names and certain identifying information of the parties, the amount of the judgment, and the balance due. TEX. PROP. CODE § 52.003. The abstract is filed with the county clerk in the real property records of a county where the debtor owns property. *See generally id.* § 52.004 (providing for the recording and indexing of a properly authenticated abstract of judgment by the county clerk). "The purpose of an abstract of judgment is to create a lien against the debtor's property and to provide notice to subsequent purchasers and encumbrancers of the existence of the judgment and the lien." *Hibernia Energy III, LLC v. Ferae Naturae, LLC*, 668 S.W.3d 745, 761 (Tex. App.—El Paso 2022, no pet.). Section 52.002 assigns

---

[1]*See* Letter from Honorable John L. Forrest, Jr., Parker Cnty. Att'y, to Off. of the Tex. Att'y Gen., Op. Comm. at 1–3 (Feb. 2, 2024), https://texasattorneygeneral.gov/sites/default/files/request-files/request/2024/RQ0531KP.pdf ("Request Letter").

responsibility for preparing the abstract. *See generally* TEX. PROP. CODE § 52.002. Relevant to a district clerk, subsection 52.002(a) provides that

> [o]n application of a person in whose favor a judgment is rendered or on application of that person's agent, attorney, or assignee, the judge or justice of the peace who rendered the judgment or the clerk of *the court in which the judgment is rendered* shall prepare, certify, and deliver to the applicant an abstract of the judgment. The applicant for the abstract must pay the fee authorized by law for providing the abstract.

*Id.* § 52.002(a) (emphasis added). Thus, a key aspect for determining a district clerk's responsibility under the statute is identifying "the court in which the judgment is rendered . . . ." *Id.*

### The Underlying Case at Issue

You state that "[o]n July 20, 2023, the Second Court of Appeals rendered judgment" in a particular case on appeal from the 415th Judicial District Court of Parker County ("Parker district court"). Request Letter at 1. According to documents supplied to our office by the appellant in the case, the Second Court of Appeals of Fort Worth ("appellate court") determined that the underlying case was never properly before the Parker district court because another district court in Lamar County transferred the case there without having the jurisdiction to do so.[2] Memorandum Opinion at 4–6. The appellate court explained that "[t]he Lamar County Court thus never transferred the case to Parker County." *Id.* at 10. You relay that the judgment of the Parker district court was reversed, but the relevant documents reflect that the appellate court "ordered that the trial court's judgment is *vacated* and that [the appellee's] suit is dismissed without prejudice." Judgment and Mandate at 1 (emphasis added); *see* Request Letter at 2. The judgment and mandate from the appellate court further ordered that the appellee "shall pay all costs of this appeal." Judgment and Mandate at 1.

We understand from the appellant's briefing that what he seeks to enforce through a judgment lien is not anything tied to the now-vacated judgment of the Parker district court but, rather, the appellate court's award of costs of the appeal against the appellee. *See* Brief at 2–3; Bill of Costs at 1 (indicating that appellant has paid a significant portion of the costs of appeal). Thus, the judgment at issue and for which an abstract is sought is the one issued by the appellate court. Yet, as you explain, an application for an abstract of judgment was filed with the Parker County district clerk's office and the District Clerk questions whether Property Code section 52.002 requires her to abstract a judgment "that was not rendered by any Parker County District Court." Request Letter at 2.

---

[2]*See* Brief and Attachments from Mr. Rustin Wright, appellant in Case No. 02-22-00272-CV in the Second Appellate District of Texas at Fort Worth, to Tex. Att'y Gen. Op. Comm. (Mar. 1, 2024) ("Brief," "Judgment and Mandate," "Memorandum Opinion," and "Bill of Costs," respectively) (on file with the Op. Comm.).

**Enforcement of the Appellate Court's Judgment**

You call our attention to Rule 51.1 of the Texas Rules of Appellate Procedure, which addresses the enforcement of appellate judgments in civil cases after an appellate court has issued its mandate. *Id.*; *see generally* TEX. R. APP. P. 51.1. Rule 51.1(a) requires the appellate clerk to "prepare, and send to the trial court clerk with the mandate, a statement of costs showing" certain appellate costs and the party charged with paying them. TEX. R. APP. P. 51.1(a). Rule 51.1(b) further provides that "[w]hen the trial court clerk receives the mandate, the appellate court's judgment must be enforced" and that "[a]ppellate court costs must be included with the trial court costs in any process to enforce the judgment." *Id.* 51.1(b). Rule 51.1(b) also specifies that

> [t]he trial court need not make any further order in the case, and *the appellate court's judgment may be enforced as in other cases, when the appellant judgment:* (1) affirms the trial court's judgment; (2) modifies the trial court's judgment and, as so modified, affirms that judgment; or (3) *renders the judgment the trial court should have rendered.*

*Id.* (emphases added). Because the appellate court's judgment included an order for the payment of appellate court costs, the question is whether the trial court, through its obligation in Rule 51.1(b) to enforce the appellate court's judgment, is therefore required to prepare an abstract of judgment under Property Code subsection 52.002(a) through its clerk for purposes of a judgment lien.

**Effect of Trial Court Judgment being Vacated rather than Reversed**

Under Rule 43.2 of the Texas Rules of Appellate Procedure (titled "Types of Judgment"), a court of appeals may dispose of an appeal as follows:

> (a) affirm the trial court's judgment in whole or in part;
>
> (b) modify the trial court's judgment and affirm it as modified;
>
> (c) reverse the trial court's judgment in whole or in part *and render the judgment that the trial court should have rendered*;
>
> (d) reverse the trial court's judgment and remand the case for further proceedings;
>
> (e) vacate the trial court's judgment and dismiss the case; or
>
> (f) dismiss the appeal.

*Id.* 43.2 (emphasis added). "When an appellate court . . . renders a judgment the trial court should have rendered, that judgment becomes the judgment of both courts as to those issues." *In re A.H.S.*, 676 S.W.3d 355, 359 (Tex. App.—Tyler 2023, pet. denied) (citation omitted). An appellate court "render[s] the judgment that the trial court should have rendered" when it reverses the trial court's

judgment. TEX. R. APP. P. 43.2(c); *see also In re A.H.S.*, 676 S.W.3d at 359 (noting that the appellate court had "reversed the trial court's finding" and its "judgment became the judgment of the trial court"). In that situation, a judgment of an appellate court that has become the judgment of the trial court "should [be] abstracted as though it were the original judgment[.]" *San Antonio Loan & Tr. Co. v. Davis*, 235 S.W. 612, 616 (Tex. App.—San Antonio 1921, no writ) (observing that the appellate court there had reversed and rendered judgment); *see also* 6 Tex. Jur. 3d Appellate Review § 770 (addressing the filing of abstracts of judgment of an appellate court and citing to *Davis*).

However, the Parker district court's judgment was vacated, not reversed, and the case in the Parker district court was dismissed for lack of jurisdiction. Judgment and Mandate at 1. "When a judgment is vacated, it is entirely destroyed, and the rights of the parties are left *as if no such judgment had ever been entered.*" *Eastin v. Dial*, 288 S.W.3d 491, 499 (Tex. App.—San Antonio 2009, pet. denied) (quotation marks omitted) (emphasis added). With the dismissal of the case and the absence of a trial court judgment, it is not clear how the appellate court's judgment would become the original judgment of the trial court. We find no court that has addressed (and thus we cannot predict with certainty) the question whether the rule in *Davis* regarding abstracting a judgment of an appellate court as though it were the original judgment of the trial court would apply in the case of vacatur, or whether Rule 51.1(b) places a duty on the trial court, through its clerk, to issue an abstract of judgment in the case of vacatur.[3]

Returning to Property Code subsection 52.002(a), the obligation of a district court clerk to prepare an abstract of judgment upon application from an authorized person arises if he or she is "the clerk of the court in which the judgment is rendered . . . ." TEX. PROP. CODE § 52.002(a). To the extent the appellate court's judgment regarding the payment of costs of appeal is not a judgment rendered by the Parker district court, a court would likely conclude that subsection 52.002(a) does not obligate the Parker County District Clerk to prepare an abstract of judgment under the circumstances described.

That said, subsection 52.002(b) authorizes additional persons to prepare an abstract of judgment, providing in relevant part that "a person in whose favor a judgment is rendered in a court other than a small claims court or a justice court or that person's agent, attorney, or assignee may prepare the abstract of judgment." *Id.* § 52.002(b) (also providing that an abstract of judgment prepared in this manner "must be verified by the person preparing the abstract"). Subsection 52.002(b) thus provides an alternative means by which a judgment creditor may obtain an abstract of judgment for recording and indexing in the county real property records pursuant to section 52.004.

---

[3]We do not address what obligation a trial court may have to enforce an appellate court judgment through other means, such as through a writ of execution. *See* TEX. CIV. PRAC. & REM. CODE § 31.002.

**S U M M A R Y**

Texas Property Code subsection 52.002(a) governs the preparation of an abstract of judgment for purposes of creating a judgment lien, requiring in relevant part that, among others, the clerk of the court in which the judgment is rendered must prepare the abstract. Where the Second Court of Appeals of Fort Worth vacated the judgment of the 415th District Court of Parker County and dismissed the case for lack of jurisdiction, the district court's judgment ceased to exist. Therefore, the Parker County District Clerk is not "the clerk of a court in which the judgment is rendered" in the situation described and a court would likely conclude that subsection 52.002(a) does not obligate her to prepare an abstract of judgment.

Very truly yours,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

LESLEY FRENCH
Chief of Staff

D. FORREST BRUMBAUGH
Deputy Attorney General for Legal Counsel

AUSTIN KINGHORN
Chair, Opinion Committee

BECKY P. CASARES
Assistant Attorney General, Opinion Committee